Neilson v. Nebo Brown Stone Co.

MINER, C. J., and BASKIN, J., concur.

---

SAMUEL NEILSON, Respondent, v. THE NEBO BROWN STONE COMPANY, a Corporation, Appellant.

### No. 1359.   (69 Pac. 289.)

1. **Master and Servant: Personal Injuries: Evidence: Admissibility.**

In an action by a servant for injuries sustained from a blast while employed in a quarry, plaintiff's testimony that he had had no experience in a quarry, had never been where they were blasting and did not know how far or with what force rocks would fly when blasted, was admissible in rebuttal on the issue of contributory negligence.

2. **Same: Order of Proof.**

It was not an abuse of discretion to admit such testimony on plaintiff's examination in chief.

3. **Same: Evidence Admissible only for Certain Purpose Should be so Limited by Instructions.**

When evidence is introduced which is not admissible except for a special purpose, the jury should be instructed, upon the request of the party prejudiced thereby, to limit its use to that purpose only; and a refusal to so instruct on request is reversible error, when the evidence, if not explained, is such as might be misapplied.

4. **Same:**

Revised Statutes, section 3285, provides that no exception shall be regarded unless the decision excepted to is material and prejudicial. In an action by a servant for injuries sustained from a blast while employed in a quarry, plaintiff testified on his examination in chief that he had no experience in a quarry, had never been where they were blasting, and did not know how far

or with what force rocks would fly. The purpose for which the testimony was introduced was not stated, nor in any way disclosed, and the court refused to instruct that plaintiff was not entitled to recover on account of his inexperience and youth, and that they were only to be considered on the subject of contributory negligence. *Held*, prejudicial error, as the jury might have considered the testimony as applicable to the alleged negligence of defendant.

(Decided June 30, 1902.)

Appeal from the Fifth District Court, Juab County.—*Hon. T. Marioneaux,* Judge.

Action to recover damages for personal injuries alleged to have been received by the plaintiff while working in and about the defendant's stone quarry. From a judgment in favor of the plaintiff, the defendant company appealed.

REVERSED.

*Messrs Rawlins, Thurman, Hurd & Wedgwood* and *Messrs. Brown & Henderson* for appellant.

*Messrs. Powers, Straup & Lippman* for respondent.

BASKIN, J.—This is an action to recover for injuries to the plaintiff, alleged to have been caused by the negligence of the defendant while he was engaged, as an employee of the defendant, in working in and about defendant's stone quarry. The acts of negligence alleged were a failure by the defendant to provide a reasonably safe or proper place for the plaintiff to perform his work, to provide him a means of escape or retreat when blasting, to warn him of the blast which caused the injury, to give sufficient time for him to retreat, and to furnish a reasonably safe place where he could have been protected from flying rock; that on the day of the injury the defendant's foreman in charge of the work and blasting

carelessly and negligently, and without affording plaintiff reasonable or sufficient time or opportunity to leave or to retreat or to escape from his work, and while plaintiff was so at his work in the course of his employment, negligently and carelessly, by means of electrical appliances, suddenly, and without notice and warning operated said appliance, and blasted large quantities of rock causing particles and pieces thereof and rock and stone to fly and be thrown promiscuously, in consequence of which, and of the acts of negligence of defendant alleged, plaintiff was struck by particles of stone and injured.    The plaintiff, after testifying in chief that he was twenty-three years of age, was allowed, over the objection of defendant, to state that he had had no experience in a quarry; had never been where they were blasting, and did not know anything about that, and had no knowledge or experience how far or with what force rocks would fly when blasted.    The objection to this testimony was that it was not within the issues, and was irrelevant.    It was admissible in rebuttal on the issue of contributory negligence, and, as will hereinafter appear, was so treated by defendant.    There is nothing in the record which shows that the purpose for which the testimony was introduced by plaintiff was disclosed at the trial.    Its purpose was first disclosed by the following statement in the supplemental brief of plaintiff's counsel, to-wit: "Counsel beg the question when they argue, as they do, that this testimony is not competent to prove a direct act of negligence of the defendant—that is, of placing an inexperienced servant at dangerous employment without instructing and warning him—because of the want of such allegations in the complaint.    The evidence was not offered or received for any such purpose.    If this evidence was competent and material as bearing on the question of plaintiff's contributory negligence and assumption of risk, then of what consequence is it to discuss why it is incompetent or immaterial on something else?" As a general rule, when the burden of proof, as in this case,

is on the plaintiff, rebutting evidence is not admissible in chief, and only such evidence as tends to establish the allegations of the complaint should be admitted in chief. The statements of the plaintiff to which the defendant took exceptions did not tend to prove the negligence alleged, and was incompetent for that purpose. But, while that was so, and the general rule is, as I have stated, the order of proof "is largely within the discretion of the trial court, and the exercise of this discretion is not assignable for error except in cases of manifest abuse." 1 Thomp. Trials, sec. 344. Rebutting evidence may, in the sound discretion of the trial court, be admitted in chief. 15 Enc. Pl. and Prac., 391-393, subds. 10, 12; 3 Jones, Ev., sec. 811. No objection was made on the ground that the evidence was irrelevant on the question of contributory negligence.

We can not say that there was an abuse of discretion in this case; but, as the evidence so submitted in chief did not tend to prove the negligence· alleged, and as it does not appear that at the trial any statement was made to the jury limiting it to the purpose for which it was only admissible, and that inexperience is not unfrequently a constituent element of negligence, we think the refusal to give the following instruction, requested by the defendant, was error, to-wit: "Plaintiff is not entitled to recover on account of his inexperience and youth, and that they are only to be considered on the subject of contributory negligence." When evidence is introduced which is not admissible except for a special purpose, the jury should be instructed, upon the request of the party prejudiced thereby, to limit its use to that purpose only; and a refusal to so instruct upon request is reversible error, when the evidence, if not explained, is such as might be misapplied, so as to exercise an improper influence upon the jury in respect to the main issue to the injury of the party against whom the evidence was adduced. This is a well-settled rule in both civil and criminal cases. 11 Enc. Pl. and Prac., pp. 369, 370. Section 3285, Revised Statutes, pro-

vides: "No exception shall be regarded unless the decision excepted to is material and prejudicial to the substantial rights of the party excepting." Under this provision; which is the same as the general rule on the subject, the judgment will be reversed unless "it appears from the record that the error alleged therein on behalf of the appellant could have worked no injury to him, and could not have changed the result." 2 Enc. Pl. and Prac., sec. 500 et seq. As the evidence in question was admitted in chief without explanation as to its purpose and limited bearing, and as inexperience is frequently an important factor in proving negligence, the jury may not have considered its bearing upon the question of contributory negligence, but may have considered that it was applicable to the alleged negligence of the defendant only, and that it may have been influential in the determination of that question, it is not clear that the error complained of is not material and prejudicial to the substantial rights of the appellant.

The judgment is reversed, with costs, and the case remanded for a new trial.

MINER, C. J., concurs in the order reversing the judgment.   BARTCH, J., concurs.