[Crim. No. 2542. Second Appellate District, Division Two.—July 17, 1934.]

## THE PEOPLE, Respondent, v. EDOLPH FREDERICK PIERSON et al., Appellants.

Gladys Towles Root for Appellants Pierson and DelFante.

Ralph D. Paonessa for Appellant Grant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Appellants were convicted of two counts of robbery in the first degree. Pierson and DelFante had each been charged with and had admitted a prior felony conviction. From the judgment and from the order denying motion for a new trial this appeal is taken on the ground (1) that the evidence is insufficient to support the verdict and (2) that a separate trial should have been ordered as to DelFante.

Appellants entered the house of the witness Campbell, pointed a gun at the latter and his wife and tied them up with wire and adhesive tape. Another witness, Lange, entered and was forced to submit to similar treatment. Money and liquor were then stolen, telephone wires were cut and the perpetrators of the crime withdrew. Appellants Pierson and DelFante question the sufficiency of the evidence to establish their identity as the persons who committed the holdup.

 The evidence is clearly ample to support the verdict. The witness Campbell saw the faces of the men above the masks and recognized their "general appearance, size, and the way they walked and their voices". He observed that DelFante "is very hump-shouldered, his walk is very peculiar", and that he had a mark under his left eye. His wife observed their appearance and voices and noted that Pierson was tall and had light hair. The witness Lang had frequently seen and done business with the co-defendant Grant on prior occasions, and on the night in question the latter's face was familiar to him. After the robbery he recognized photographs of appellants Pierson and DelFante as being the other two men in the holdup. He also noticed that Pierson had a "deep bass voice", that DelFante had a scar on his left eye, and said he was positive that they were the men from the "way they acted and their voices and the height of them". A witness Frost testified that he had seen appellants together on more than one occasion before the crime.

Identification of a defendant has been held sufficient to support a verdict even when the witnesses called to identify

the accused had not seen his face, or when they decline to swear positively and testify merely that they believe accused is the person whom they saw commit the crime. (*People* v. *Wilson,* 76 Cal. App. 688 [245 Pac. 781].) In this case there is abundant legal evidence to establish the identity of appellants as being the ones who committed the robbery, and in such a case the decision of the jury is absolutely final. (*People* v. *Meyers,* 5 Cal. App. 674 [91 Pac. 167].)

█ Appellant DelFante contends that a separate trial should have been ordered as to him because evidence was introduced at the trial which would have been inadmissible if he was being tried separately, and which was highly prejudicial notwithstanding the jury was admonished not to consider it as to him. When the trial was about to start the trial judge called the case and counsel announced "Defendant DelFante is ready," and then said, "Will the court grant a motion on behalf of the defendant DelFante for a separate trial for that defendant?" The court ruled: "No, motion denied." No grounds for such a motion were stated and no affidavits were filed nor statement made to support this appellant's suggestion that a separate trial should be ordered. The trial court was not bound to order separate trials upon the mere request of a defendant. █ The question whether or not there was an abuse of discretion in denying the motion for a separate trial must be determined upon the basis of the showing made when the demand was presented, and not upon what transpired afterward. On the record here presented it appears that the trial court did not abuse its discretion in denying the severance. (*People* v. *Erno,* 195 Cal. 272 [232 Pac. 710]; *People* v. *Tinnin,* 136 Cal. App. 301 [28 Pac. (2d) 951].)

Although he gave oral and written notice thereof, defendant Grant has not prosecuted his appeal in this court, and the affirmation hereinafter directed is, as to him, under the provisions of section 1253 of the Penal Code.

Judgment and order affirmed.

Craig, Acting P. J., and Desmond, J., concurred.