[Crim. No. 1930.   First Appellate District, Division Two.—December 18, 1936.]

THE PEOPLE, Respondent, v. WALTER FRIDAY, Appellant.

Peter J. Mancuso for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant Friday and one Fonseca were tried together and both convicted of robbery in the first degree.   Both defendants admitted a prior conviction and service of sentence in the state penitentiary for separate crimes of robbery.   The defendant Friday prosecuted a separate appeal from the judgment and the order denying him a new trial.

The two defendants held up a drug store in the city of San Jose at about 12:30 in the afternoon of March 28, 1936. While Friday held a gun upon the proprietor, Fonseca took the money from the cash register, a wallet containing money from the pocket of the proprietor, and other personal property from his possession including a pocket knife. When arrested the pocket knife and the gun used in the robbery were found in the possession of Fonseca, and the wallet taken from the proprietor was found in the possession of Friday.

Appellant raises two points—the sufficiency of the evidence of identification and the denial of his motion for a separate trial. Neither point bears any semblance of merit.

The appellant was positively identified by the proprietor as the party who held the gun upon him during the robbery, and this witness also testified that the sun was shining at the time and that the light was clear within the store. This question of identification is one of fact for the jury in the first instance, and when there is evidence to support the finding of the jury no debatable question is left for the appellate court. (*People* v. *Erno,* 195 Cal. 272, 283 [232 Pac. 710] ; *People* v. *Farrington,* 213 Cal. 459, 463 [2 Pac. (2d) 814].)

The question of the right to a separate trial is one to be determined in the discretion of the trial court upon the showing made when the demand is presented. (*People* v. *Pierson,* 139 Cal. App. 734, 736 [34 Pac. (2d) 755].) Here this appellant moved for a separate trial but made no showing in support of the motion. All the circumstances of the commission of the crime make this a proper case for the application of section 1098 of the Penal Code, which provides that two or more defendants jointly charged with a public offense must be tried jointly unless the court orders separate trials. An order for separate trials must be based upon some legal ground which satisfies the trial court that the regular procedure should be departed from. Here no error has been shown by appellant, and we find none.

The judgment and order are affirmed.

Sturtevant, J., and Spence, J., concurred.