## STATE v. MILLER et al.

No. 6963. Decided February 19, 1947. (177 P. 2d 727.)

See 23 C. J. S. Criminal Law, sec. 1321; 53 Am. Jur. 66 et seq. Right to severance where two or more persons are jointly accused, notes, 70 A. L. R. 1171; 104 A. L. R. 1519; 131 A. L. R. 917.

*R. Verne McCullough,* of Salt Lake City, for appellant.

*Brigham E. Roberts,* Dist. Atty., of Salt Lake City, *Grover A. Giles,* Atty. Gen., *Zar E. Hayes* and *Calvin L. Rampton,* Deputy Attys. Gen., both of Salt Lake City, for respondent.

PRATT, Justice.

The appellant, Dale Ellis Molyneux, was tried jointly with George Scott Miller for the crime of rape. Each was found guilty by the jury and sentenced. Only Molyneux appealed. He assigns and discusses as error the following: (1) The court's refusal to grant appellant a separate trial. (2) The failure of the court to instruct the jury that certain confessions or admissions by the defendant, Miller, were not to be considered as evidence against the defendant, Molyneux. (3) The admitting of exhibits "A", "B", and "C" as evidence. Exhibit "A" is a confession signed by Miller. Exhibits "B" and "C" are confessions signed by Molyneux.

(4) The court's failure to instruct the jury to disregard certain irrelevant matters found in exhibit "A", and (5) The court's failure to instruct the jury on the crime of carnal knowledge as was requested by counsel for Molyneux.

The circumstances surrounding the alleged rape are as follows: Miller, Molyneux and a third party by the name of Smith at about 2 a. m., August 23, 1945 were parked on a downtown street of Salt Lake City when the prosecutrix and her girl friend walked by. Smith accosted the two girls and invited them to go for a ride. The prosecutrix was a girl about 17 years old, who was unable to either hear or speak. Her girl friend was about 21 years old and was likewise afflicted. The girls assented to the invitation and got into the back seat of the defendant Miller's car with Smith. The party drove around town for awhile and then Miller drove the car out to the foot hills east of Sandy, Utah, where he parked. Notes were written back and forth between the girls and Smith and Molyneux and after some time the prosecutrix moved from the back seat to the front and sat between Miller and Molyneux. During some of this time Miller was asleep. Molyneux made love to the prosecutrix and tried to get her to consent to sexual intercourse without success. Miller awoke, Smith and the other girl got out of the car and the doors were locked on the inside. Miller then put the prosecutrix into the back seat and while Molyneux held her hands overcame her resistance and accomplished an act of sexual intercourse, then Miller held her while Molyneux accomplished a like act, after both Miller and Molyneux were through Smith had sexual relations with the prosecutrix. Miller then drove back to Salt Lake City and let the two girls out on the street. They immediately summoned help and the police were called.

The defendants Miller and Molyneux were charged by the short form of an information with a violation of section 103-51-15 of the U. C. A. 1943 which section defines generally the crime of rape. No particulars were requested by either defendant.

Counsel for appellant on arraignment and at the beginning of the trial made requests that the appellant be given a separate trial. Each request was denied. Sec. 105-32-6, U. C. A. 1943, which governs this matter reads:

"When two or more defendants are jointly charged with any offense * * * they shall be tried jointly, unless the court in its discretion * * * orders separate trials, * .* *."

Did the lower court here abuse its discretion?

The record of this case, while it shows that counsel for appellant made motions for separate trials, it also shows that he did not make known any reason for his motion. There were no affidavits filed and the record fails to show that any oral statement giving the reasons was made. Since the appellant could not demand a severance as a matter of right it must appear that the court had before it the facts which would indicate that the appellant would be unduly prejudiced by a joint trial before we could hold that the court had abused its discretion. *People* v. *Pierson et al.*, 139 Cal. App. 734, 34 P. 2d 755; *People* v. *Friday*, 18 Cal. App. 2d 197, 63 P. 2d 303. This becomes important—as illustrated by the annotation in 70 A. L. R. 1171—in that the prosecuting attorney at that time might indicate that the confession or admission would not be used. In the instant case confessions were made by both defendants which confessions were not inconsistent or antagonistic with each other and under the ruling of *People* v. *Fisher*, 340 Ill. 216, 172 N. E. 743, it would not have been prejudicial error to deny the severance, assuming that the grounds for severance had been called to the court's attention at the proper time.

Apparently the prevailing authority is that the proper motion having been made at the proper time, a failure to grant a severance on the grounds of confession of a codefendant, is not prejudicial if the court properly instructs the jury as to the use of the confession. *Bennett* v. *State*, 201 Ark. 237, 144 S. W. 2d 476, 131 A. L. R. 908, 917; *People* v. *Braune*, 363 Ill. 551, 2 N. E. 2d 839, 104 A. L. R. 1519; *State* v. *Francis*, 152 S. C. 17, 149 S. E. 348, 70 A.

L. R. 1171; *People* v. *Swoape*, 75 Cal. App. 404, 242 P. 1067; *People* v. *Roderick*, 118 Cal. App. 457, 5 P. 2d 463; *Raarup* v. *United States*, 5 Cir., 23 F. 2d 547; *Contra: People* v. *Buckminster*, 274 Ill. 435, 113 N. E. 713; but see *People* v. *Fisher*, 340 Ill. 216, 172 N. E. 743. However the present case is decided upon the question of abuse of discretion which arises, if at all, at the time of the ruling upon the motion for separate trials. It is not decided upon the question of prejudicial error, assuming a proper motion.

After Miller and Molyneux were arrested by the police each made statements which were taken down in shorthand and transcribed by persons employed by the Salt Lake County Attorney's office, and each defendant signed his statement. Defendant Molyneux also made a statement in his own handwriting. These statements were for all intents and purposes full confessions of the crime of which the defendants were convicted. During the examination of a police officer as to the taking of the confession of Miller the court ruled as to Miller's statements as follows:

"With respect to Molyneux the jury will disregard these questions and answers."

This ruling was made just after the district attorney said:

"We claim nothing for it against the defendant Molyneux."

When the confession of Miller was offered in evidence by the district attorney counsel for Molyneux objected in a general way to the state's offer and the district attorney again stated:

"I think that objection is good, that is the statement about Mr. Molyneux. So far as Mr. Molyneux is concerned I don't claim anything for what Mr. Miller said as having been against Molyneux. The other way, too, anything Molyneux said isn't evidence against Miller."

The objection of counsel was then overruled and the statement read to the jury. The appellant now cites as prejudicial error the failure of the court to limit the use of Miller's statement by an instruction to the jury; but no request was made for such an instruction.

It would seem, as a matter of abstract reasoning, that the limitations placed on the use of the statements both by the court and the district attorney before the statement was presented to the jury would be more effective to insure its proper use by them than an instruction given ■ after such statement had been received. But even if we assume that these restrictions were not adequate protection against misuse by the jury of Miller's statement we do not believe that the court, under the circumstances of this case, committed error by its failure on its own motion to instruct the jury on the way that such evidence must be considered.

Our Utah Code provides that in a criminal trial, ■

"When the evidence is concluded the court must charge the jury as in civil actions." Sec. 105-32-1(5), U. C. A. 1943.

In civil actions Sec. 104-24-14(4), U. C. A. 1943, provides that,

"When the evidence is concluded the court shall instruct the jury in writing upon the law applicable to the case, * * *."

This requirement that the court instruct "upon the law applicable to the case" does not place upon the court alone the burden of making up instructions which cover every question which may have arisen in the case.

The general rule is that unless the party requests an instruction on a special matter he cannot predicate error upon the court's failure to charge. Thompson on Trials, 2d Ed., Vol. 2, Secs. 2339 and 2341; *State* v. *Anderson,* 108 Utah 130, 158 P. 2d 127, 159 A. L. R. 340; ■ *In re Hanson's Will,* 50 Utah 207, 167 P. 256; *People* v. *Robinson,* 6 Utah 101, 21 P. 403; *Everts* v. *Worrell,* 58 Utah 238, 197 P. 1043; *Smith* v. *Lenzi,* 74 Utah 362, 279 P. 893; *Neilson* v. *Nebo Brown Stone Co.,* 25 Utah 37, 69 P. 289. The tenor of the cases we have considered, and here cite, support our holding that this case cannot be returned for a new trial because of the court's failure to give a proper instruction limiting the use of Miller's confession when no

such instruction was requested. *State* v. *Miller,* 97 Mont. 434, 34 P. 2d 979; *State* v. *Weatherman,* 202 Mo. 6, 100 S. W. 482; *Adamson* v. *Allende,* 178 Okl. 464, 62 P. 2d 1229; *Ralph* v. *MacMarr Stores,* 103 Mont. 421, 62 P. 2d 1285; and *Powers* v. *State,* 87 Ind. 144.

Propositions 3 and 4 of appellant's brief cite as error the failure of the court to either exclude or to instruct the jury to disregard certain irrelevant matters pertaining to other offenses committed by Miller and contained in his alleged confession which are as follows:

"Q. Have you been in trouble before? A. Yes, quite a few times.
"Q. What offenses? A. I got mixed up with the same thing I am mixed up with now, and I got mixed up with a stolen car.
"Q. You have been involved in a sex case before? A. Yes."

[The above are part of the statements that the court directed had no application to Molyneux.] The introduction of Miller's statements and the reading of the same to the jury were objected to generally, but no motion was ever made to exclude the above-quoted parts thereof nor was any instruction requested about them. The principles discussed immediately above are applicable here. Counsel for appellant argues that his client is prejudiced by the attack on Miller's character as, were Miller the ordinary witness for appellant, he could not be examined as to his previous crimes in order to attack his credibility before his credibility is in issue. We are not impressed with this argument under the facts of this case as Miller's testimony as a whole was far from favorable to Molyneux, and could hardly be said to be evidence for his defense. It might have been better for Molyneux had the jury disbelieved Miller entirely.

Appellant's requested instruction No. 4 defined the offense of carnal knowledge, stated that it was not an included offense and therefore that if the jury believed that no force or threat of force was present they should find the accused not guilty. The court refused to give the instruction. It was the appellant's theory of the case that the prosecutrix consented to the act of sexual intercourse, and he contends

that because his requested instruction No. 4 was not given the court had not instructed on his theory.

The appellant's requested instruction No. 1 which was given as modified by the court as instruction No. 8 states:

> "Therefore before you can convict the accused of the offense of rape you must be convinced beyond a reasonable doubt not only that the accused had *carnal knowledge* with the prosecutrix but also that said *carnal knowledge* was effectuated by force or violence accompanied by apparent power of execution." (Italics added. )

This is the only place in the instructions where the term "carnal knowledge" is used. In all other places the act was spoken of as a "sexual" act of some kind. The court in its instruction No. 9 repeated that even if the jury was convinced beyond a reasonable doubt that "accused had illicit sexual relations with prosecutrix" they still must find beyond a reasonable doubt that accused imposed force and violence against the prosecutrix. And in instruction No. 10 they were instructed that if they believed prosecutrix voluntarily consented after first resisting they must find the accused not guilty of rape. The jury was adequately apprised of the fact that they had to find that the prosecutrix did not consent at any time. Probably it would have been well to define the term (not offense) "carnal knowledge," merely for the sake of clarity but the instructions as a whole indicate clearly what was meant. There was no error under the circumstances in not defining those terms. Furthermore, we do not believe appellant is in a position to complain about the use of the words, as it was at his invitation. The crime of carnal knowledge was not an issue in the case, and to instruct upon it would have done nothing more than create confusion.

The judgment of the lower court is affirmed.

McDONOUGH, C. J., and WADE, WOLFE, and LATIMER, JJ., concur.