386 P.2d 126

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Hugh F. ROWLEY and Donald Spencer, Defendants and Appellants.**

**No. 9894.**

Supreme Court of Utah.

Oct. 31, 1963.

Louis H. Callister, Sr., and Louis H. Callister, Jr., Salt Lake City, for appellants.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

McDONOUGH, Justice.

Each of the defendants, Hugh F. Rowley and Donald Spencer, appeals from a conviction of the crimes of assault with a deadly weapon in violation of Section 76–7–6, U.C.A.1953, and attempted burglary, in violation of Sections 76–1–30 and 76–9–3, U.C.A.1953.

On Sunday, October 21, 1962, at approximately 8 p. m., Mr. Vere Lancaster, an employee of J. C. Penney Company, located in Tooele, Utah, and his 15-year-old son made a security check on said store. Upon entering the store, Vere Lancaster noticed a small pile of shavings on the floor and a hole in the ceiling directly above. Mr. Lancaster directed his son to notify the police and then proceeded into the alley behind the store, where he observed a man running on an adjacent roof. The man jumped from the roof approximately 25 feet from Mr. Lancaster, and upon reaching the ground, fired three shots, two of them finding their mark and injuring Mr. Lancaster in both legs. A Sidney Smith and Dennis Jensen hearing the shots, rushed to the scene and were injured when the bandit fired at them. Mr. Smith noticed that the burglar dropped his glasses as he fired in his direction. Dr. Bruce J. Parsons later testified at trial that the rim of the glasses found at the scene of the crime is unique and of the same type he had issued the defendant, Donald Spencer, a few weeks earlier. The prescription of the glasses duplicated that which was prescribed for Donald Spencer.

James T. Portwood, a soldier residing in a nearby hotel, heard the shots, looked out his window, and observed a man limping badly, with a revolver in his hand, get into a 1953 green and cream-colored Dodge. He also indicated the car had another man in it when it drove away. At approximately 9 p. m. on the same night, on the road from Tooele, Utah, to Lehi, Utah, police officers stopped a 1953 four-door, two-toned white and green automobile, later identified by Portwood as the car that had left the scene of the crime in question. The defendants, Hugh F. Rowley and Donald Spencer were occupants of the car and were arrested on the spot. A pistol was taken from the belts of both Rowley and Spencer at the time of the arrest. The one taken from Spencer was identified as a .357 Magnum, and the arresting officer testified that it had recently been fired. Police officers retrieved a .357 Magnum spent slug from the vicinity of the J. C. Penney Store. The arresting officer also testified that Spencer was limping badly at the time of his arrest, which coincided with Portwood's description of the man that left the scene of the crime. Footprints were taken from the J. C. Penney store area and matched the shoes of defendant Rowley in depth, width, name and design.

The defendant Spencer took the stand, admitted passing through Tooele on the night in question, but denied participation in the crime. A stipulation was made that Hugh Rowley had taken a polygraph test, and that it was believed by the examiner that Rowley was not telling the truth when he denied he had anything to do with the particular offense charged against him. The jury convicted the defendants as charged, based upon the foregoing evidence, and from this verdict defendants appeal.

■ Defendants have four basic objections in their appeal. They are: (1) There is no indication in the transcript that the information was read just prior to trial as required by Section 77–31–1(1), U.C.A. 1953. (2) The court failed to give an instruction on the effect of a polygraph test. (3) The court failed to instruct on the failure to consummate the offense. (4) The evidence did not warrant an instruction on what constitutes a principal.

■ A supplemental record has been filed which states the information was in fact read at the beginning of the trial and thus disposes of defendants' first objection. No instruction was tendered by appellants in reference to a polygraph test and no exception was taken on the failure to give such an instruction. The general rule is that unless the party requests an instruction on a special matter, he cannot predicate error upon the court's failure to charge.[1] We see no reason to deviate from this rule and so adhere in rejecting appellants' second contention.

■ In connection with the charge of attempted burglary defendants insist that an instruction must be given, which was not done at trial, on the failure to consummate the crime. Defendants base their argument upon the case of State v. Prince, 75 Utah 205, 284 P. 108, where this court indicated a failure to consummate the crime was an essential element in a charge of attempt. That case involved a charge of extortion, not an attempt at extortion, and the court in commenting on the included offense of attempt, made the distinction between attempt and the completed offense, and the distinguishing factor was the failure to consummate the crime. The Prince case is not in point, as here the original charge was not burglary, but attempted burglary; nor is the case precedence for the rule that an instruction must be given on the failure to consummate the crime when an attempt is charged. The dicta of that case seems to follow the old common law rule that a defendant could not be convicted of the crime of attempt if in fact the crime had been completed. However, this view overlooks

1. State v. Miller, 111 Utah 255, 177 P.2d 727.

our statutes which allow conviction of attempt even though the crime is perpetrated.[2] In this light defendants could not have been prejudiced by the lower court's failure to instruct on the consummation of the crime, as ample evidence was introduced from which the jury could find that a burglary was in fact attempted. Regardless of the above analysis, defendants have no footing for consideration by this court on the failure to instruct on this point, as no instruction was tendered by the defendants at trial nor was any objection made when the court failed to so instruct.

The last contention of defendants fails for the reason that no objection was made below to the instruction given on principals. Regardless of this fact, there was an inference of joint participation based upon circumstantial evidence, including the fact that both defendants were armed; Rowley apparently drove the vehicle in aid of their escape from the scene of the crime and was also present at the scene. This evidence is enough, in our opinion, to warrant an instruction being given on the law of principals.

The instructions being proper, and defendants' objections disposed of, this case will be, and is hereby, affirmed.

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.

2. Section 76–1–30, U.C.A.1953.