388 P.2d 797

**STATE of Utah, Plaintiff and Respondent,**

v.

**Frank Jerry OWENS, Defendant and Appellant.**

**No. 9998.**

Supreme Court of Utah.

Jan. 28, 1964.

3. See 25 Am.Jur., p. 682.

---

Wood R. Worsley (appointed by the court), Salt Lake City, for defendant and appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., for plaintiff and respondent.

WADE, Justice.

This appeal is by Frank Jerry Owens from a conviction of the crime of forgery.

For the purposes of the action appellant stipulated that the crime of forgery had been committed by some person who presented and cashed a forged money order at a grocery store in Weber County, Utah, but denied that he was the person. Appellant did not testify at the trial. Appellant was identified at the trial by the manager of the grocery store at which the forged money order was presented and cashed as being the individual who endorsed the money order in his presence after having convinced him that he was the named payee. The manager further testified that after he discovered that the money order was forged and had informed the police he was asked to look at a number of police photographs or "mug" shots and from among these photographs he recognized the person for whom he cashed the money order and that person was the defendant in the case, Frank Jerry Owens

Appellant contends that prejudicial error was committed when the manager was allowed to testify concerning the presentation by the police to him of "mug" shots and his identification of appellant in one of these pictures. Appellant contends that since the sole issue in the case was identification of the individual who cashed the money order and the manager having pointed out in the courtroom the appellant as being such individual, the testimony concerning the "mug shots" was unnecessary and could only carry the implication that appellant associated with criminals and thus prejudice him in the minds of the jurors.

█ We find no merit to this contention. The manager of the grocery store on direct examination stated positively that he recognized Owens as the man for whom he had cashed the money order. The cross examination of this witness was directed towards casting doubt on his perceptive abilities. The redirect examination elicited

the information from the witness that within two or three days after the crime had been committed an officer brought a number of pictures of various individuals and from these he recognized the appellant herein as the man for whom he cashed the forged money order. The pictures were offered and received in evidence. No objection was made to any of this testimony nor to the receipt in evidence of the pictures. However, under the facts of this case we are of the opinion that such evidence was admissible on the issue of identification.[1]

Appellant also contends that prejudicial error was committed when the officer who brought the "mug shots" to the grocery store manager testified that the Salt Lake Police Department suspected Owens as being one of the men implicated in the theft of the money orders from a drug store in Salt Lake City and the court failed to instruct the jury that such testimony should be disregarded. When the officer voluteered this testimony an objection was made and the court admonished the jury to erase such testimony from their minds. No request for an instruction admonishing the jury to disregard this testimony was made. Generally, unless an instruction is requested on a special matter the failure to give such an instruction cannot be the basis of claimed prejudicial error.[2] Here the appellant was asked by the court if he desired any additional instructions to those given by the court but did not take the opportunity to request an instruction to admonish the jury that it must disregard any claimed association of the accused with other. alleged criminals.

Affirmed.

HENRIOD, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.

1. Anno. 70 A.L.R. 910; People v. Aguirre, 158 Cal.App.2d 304, 322 P.2d 478; People v. Ford, 175 Cal.App.2d 109, 345 P.2d 573; People v. Slobodian, 31 Cal. 2d 555, 191 P.2d 1; People v. Gould, 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865; State v. Wilson, 38 Wash.2d 593, 231 P.2d 288; Wigmore on Evidence, 3rd Ed., Sec. 1130.
2. State v. Miller, 111 Utah 255, 177 P.2d 727; State v. Rowley, 15 Utah 2d 4, 386 P.2d 126.