478 P.2d 491

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Patrick Delaner JOHNSON, Defendant and Appellant.**

**No. 12147.**

Supreme Court of Utah.

Dec. 22, 1970.

---

Henriod, J., not participating.

———◆———

Salt Lake Legal Defender Association, John D. O'Connell, Jay V. Barney, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, David S. Young, Asst. Attys. Gen., Salt Lake City, for respondent.

BROWN, District Judge.

Defendant was convicted by a jury of the crime of assault with a deadly weapon (Sec. 76–7–6, U.C.A.1953). He seeks a reversal of this conviction and a new trial.

The defendant claims that prejudicial error was committed by the lower court when evidence was admitted of another crime unrelated to the charge at trial.

The evidence of which the defendant complains relates to the testimony of an officer of Salt Lake City who was questioned concerning a conversation he had with the defendant which took place several months after the arrest of the defendant and at a time defendant was out on bond awaiting trial on this charge. The relevant testimony is the following excerpt from the record:

Q. Did you make any statement to him?

A. Yes; in connection with the circumstances that I was talking to him about on that occasion, I gave him the Miranda warning.

Q. How did you give him the Miranda warning; in what manner?

A. I read it to him from card I carry with me for this specific purpose. This was the card.

Q. Now, after having read him the Miranda warning, did you ask him the questions which appear on the other side of your card?

A. Yes I did.

Q. What were the questions and what were the answers, if you can remember?

A. Questions were, "Do you understand each of these rights which I have explained to you? And, having these rights in mind do you wish to talk to us now?"

Q. What were the answers?

A. He stated he understood them; he didn't state whether he would or would not, specifically, talk with us; however he did talk with us.

Q. What did he say in relation to the offense which is the subject matter of this trial?

A. He stated that he could not understand the circumstances that had led up to our contacting him on this date, but he said he could understand the other charge. He said he had stabbed a man in a parking lot at the Jocur Lounge, sometime previously. He could understand that charge, he said, but not the latest—

MR. VAN SCIVER: Well, your Honor.

A. —incident.

MR. VAN SCIVER: I think this is rather prejudicial to be talking about something else that is not even before the Court, today.

MR. HAYCOCK: I think we have been very careful with this; I was very careful with the question.

The defendant claims that prejudicial error was committed by the lower court when this evidence was admitted which referred to another crime unrelated to the crime for which the defendant was tried.

■ The law appears clear that evidence of other crimes is not admissible if its sole purpose is to disgrace the defendant as a person of evil character with a propensity to commit crime and thus likely to have committed the crime charged.[1] The situation is quite different where the evidence concerning another crime comes in as an integral part of evidence which is competent and relevant to the charge upon which he is being tried, such as the conversation in question. It is the mandate of our law, and the policy declared by our statute, that a conviction should not be reversed merely for any charged error or irregularity, but only if there is one which is substantial and prejudicial in the sense that there is a reasonable likelihood of a different result in its absence.[2] Rulings on such matters are primarily for the trial court and are not to be disturbed unless it clearly appears that he was wrong.

1. State v. Gillian, 23 Utah 2d 372, 463 P. 2d 811; State v. Lopez, 22 Utah 2d 257, 451 P.2d 722 at 775.

2. State v. Seymour, 18 Utah 2d 153, 156, 417 P.2d 655 (1966); State v. Kelbach, 23 Utah 2d 231 at 238, 461 P. 2d 297.

Upon a review of this record, it appears that other statements of the defendant himself on cross-examination concerning past experiences with the police, are far more damaging to his cause than the statement related by Officer Whitaker. In the absence of any error which would justify overturning the conviction, it is affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.

HENRIOD, J., having disqualified himself, does not participate herein.