479 P.2d 794

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**John Robert UNDERWOOD, Defendant and Appellant.**

**No. 12001.**

Supreme Court of Utah.

Jan. 20, 1971.

James N. Barber, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Stephen C. Ward, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice.

Defendant appeals from his conviction, upon a jury verdict, of the crime of robbery.

On August 27, 1969, the proprietors, Merle M. Riding and his wife, of Merle's Jewelry, were robbed by three men, armed with guns, of a sum in excess of $20,000 in cash and jewelry. Both of the Ridings testified that they had an opportunity to observe defendant and another participant in the robbery on two previous occasions, specifically, on each of the two days prior to the crime, when the men came into the shop, first to inquire about a watch repair, and the next day to leave the watch. The Ridings identified the defendant at the trial. On cross-examination the victims testified that they had observed a group of photographs shown to them by members of the Clearfield Police Department and that they had identified defendant by his

picture. A policeman, Sergeant Green, testified that he investigated the robbery and presented photographs to the Ridings on several occasions in groups of eight to twelve pictures. Counsel for defendant conducted a thorough cross-examination of Sergeant Green to discover the procedures which culminated in the photographic identification of defendant.

■ On appeal defendant asserts that it constituted prejudicial error to admit testimony concerning the extrajudicial identification. Defendant concedes that no objection was made to this testimony; neither did he move to strike the testimony nor in any other way invoke a ruling of the trial court on the admissibility of this testimony. Furthermore, in State v. Owens [1] this court held that such evidence was admissible on the issue of identification.[2]

■ Defendant contends that the trial court committed prejudicial error when it permitted Lt. Lyle Wood, a policeman, to testify as to an admission allegedly made by defendant. After the preliminary hearing, defendant and Lt. Wood were returning by automobile to Salt Lake City. According to Lt. Wood, defendant turned to him and

---

1. 15 Utah 2d 123, 125, 388 P.2d 797 (1964).

2. See State v. Childs, 198 Kan. 4, 422 P.2d 898, 904 (1967), wherein the court stated: "Although the courts are somewhat divided as to the competency of evidence of extrajudicial identification, there is respectable authority holding that prior identification of an accused may be shown by the testimony of the identifying witness in corroboration of the testimony of the same witness identifying the accused at trial. * * *" Also see 71 A.L.R.2d 449, 453, Anno: Extrajudicial Identification.

voluntarily stated: "The charges against me in Salt Lake and Bountiful are bum raps. Your charge is the only one that may be good."

Defendant urges that this conversation indicated that he was either being held or investigated for separate crimes, which had no connection with the crime for which he was being tried. He argues that such testimony influenced the jury toward a conclusion that he was of bad character, had a propensity toward the commission of criminal acts, and for this reason was likely to have committed the crime for which he was being tried. In State v. Johnson,[3] the defendant therein asserted the same argument in regard to a similar admission. This court observed that evidence of other crimes is not admissible where its sole purpose is to disgrace the defendant as a person of evil character with a propensity to commit crime and thus likely to have committed the crime charged. However, the situation is quite different where the evidence regarding another crime is admitted as an integral part of competent, relevant evidence of the crime charged, such as, the conversation in question.

In the instant case, a review of the record clearly substantiates that defendant's guilt was conclusively proven by competent evidence and that he was not deprived of a fair trial.

■ Finally, defendant challenges for the first time the sufficiency of the criminal complaint and warrant of arrest; he asserts that neither states any fact to support the proposition that defendant committed the crime charged.

Section 77–16–2, U.C.A.1953, provides:

No defect or irregularity in or want or absence of any proceeding or statutory requirement, prior to the filing of an information or indictment, including the preliminary hearing, shall constitute prejudicial error and the defendant shall be conclusively presumed to have waived any such defect, irregularity, want or absence of proceeding or statutory requirement, unless he shall before pleading to the information or indictment specifically and expressly object to the information or indictment on such ground. * * *

In accordance with the foregoing provision, defendant has waived the alleged defect, since he failed to assert his objection prior to pleading to the information.

The judgment of the trial court is affirmed.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

3. 25 Utah 2d 160, 478 P.2d 491, December 22, 1970.