516 P.2d 1187

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Joe Robert SHIRLEN, Defendant and Appellant.**

**No. 13053.**

Supreme Court of Utah.

Dec. 5, 1973.

---

8. Thompson v. Ford Motor Co., 14 Utah 2d 334, 384 P.2d 109 (1963).

**270**

———◆———

F. John Hill, Salt Lake Legal Defender Association, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William T. Evans, David L. Wilkinson and M. Reid Russell, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a robbery conviction. Affirmed.

Shortly after receiving admissible evidence and information regarding a robbery, police officers located a vintaged used car in the parking lot of a motel near the scene of the offense. Eyewitnesses told the officers that occupants of the car had entered two rooms of the motel. They went to one of the rooms and knocked, and were invited in by a lady occupant. Thereupon, after spotting a sawed-off shotgun in plain sight, they placed the woman under arrest, and seized several items of evidence in the room. Meanwhile, officers watching the car, saw the defendant leave the second floor of the motel. Due to his furtive movements, lack of composure, refusal to identify himself or admit occupancy of the motel, with marked resentment and anger in being questioned, in addition to the fact that he fit the general description of the robbery suspect, he was placed under arrest. Defendant had a set of keys that worked very well in the suspect vehicle, after the officers tested them.

■■ Defendant urged errors that we consider to be without merit, included in which was the judge's refusal to grant separate trials for defendant and his co-defendant.[1] The evidence taken from the room was introduced properly, as stated above, having been taken pursuant to an invitation to enter the room,[2] followed by a

1. State v. Miller, 111 Utah 255, 177 P.2d 727 (1947).

2. Cf. United States v. Rutheiser, 203 F.Supp. 891 (D.C.1962).

lawful arrest of the occupant of the room,[3] and being in plain view.[4] Furthermore, defendant is not at liberty to complain of evidence taken from him after he was lawfully arrested.[5]

Other contentions of defendant anent invasion of his rights under the IV Amendment equally are without merit.

CALLISTER, C. J., and CROCKETT, ELLETT and TUCKETT, JJ., concur.

---

3. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

4. United States v. Harris, 140 U.S.App.D.C. 270, 435 F.2d 74 (1970).

5. See State v. Criscola, 21 Utah 2d 272, 444 P.2d 517 (1968) and State v. Jordan, 26 Utah 2d 240, 487 P.2d 1281 (1971).