**The STATE of Utah, Plaintiff and Respondent,**

v.

**Dennis G. KAZDA, Defendant and Respondent.**

**No. 13865.**

Supreme Court of Utah.

Sept. 22, 1975.

---

14. 390 U.S. 676, 690, 88 S.Ct. 1298, 1306, 20 L.Ed.2d 225 (1968).

Larry R. Keller of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and respondent.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Dennis G. Kazda seeks reversal of his jury conviction of theft, a third-degree felony,[1] for removing building materials from a house under construction in Sandy City, Salt Lake County. The sole assignment of error is that the prosecutor prejudicially commented in his closing argument concerning the defendant's failure to testify at trial.

The defendant was found late at night in the construction site where building materials were stolen. At trial, he did not testify in his own defense; nor produce any witnesses to explain his presence in the area; nor did he present any other witness or evidence to explain his presence in that area. The matter he complains of is that during the prosecutor's argument to the jury, he stated that: "The defense has presented no evidence as to why the defendant was out there. What was he doing out there?"

Defense counsel objected to this remark and moved for a mistrial. The motion was denied and the court admonished the jury to disregard the statement by the prosecu-

---

1. Sec. 76-6-404, U.C.A.1953 (Supp.), defines theft and Sec. 76-6-412(1)(b)(i) provides that theft is: (b) a felony of the third degree if: (i) the value of the property or services is more than $100 but not more than $1,000. (Now amended by S.L.U.1974, Ch. 32, Sec. 18, to provide $250 to $1,000.)

tor and reminded them that counsel's statements are not evidence. He further directed the jury to follow the instructions previously given concerning the defendant's privilege of not testifying; and that they should draw no inferences as to his guilt therefrom. It is also shown that the prosecutor had himself reminded the jury of that instruction; and that defense counsel re-emphasized this principle in his argument.

It is not to be doubted that the right of a defendant not to testify in a criminal trial is a fundamental right protected by both the federal and the Utah Constitutions.[2] Its exercise should in no way prejudice him in the eyes of the court or jury.[3] He need give no reason; and there should be no concern as to his reason for not testifying.[4] The simple and immutable fact is, that for what we accept as good and sufficient reasons, the privilege has been long established that comments concerning an accused's failure to testify, however, adroitly disguised, may have the effect of impairing or destroying the privilege; and that this should not be done.[5]

The other side of this proposition is: that the prosecutor, and the public, whose interest he represents, should and does have a right to argue the case upon the basis of the total picture shown by the evidence or the lack thereof. If either counsel cannot voice a challenge to the effect of the total evidence, then one is made to wonder, what may he talk about? It is

our opinion that it is not only the prerogative, but the duty of either counsel, to analyze all aspects of the evidence; and this should include any pertinent statements or deductions reasonably to be drawn therefrom as to what the evidence is or is not, and what it does or does not show. The prosecutor's comment under scrutiny here falls within the principle just stated; and he made no direct reference to the fact that the defendant had not taken the stand.

This problem has arisen in sister states who have ruled that statements of the nature here involved are legitimate comments on what the total evidence does or does not show, and are not violative of the constitutional right defendant asserts.[6]

There is another consideration supportive of our conclusion that there was no prejudicial error here. Defendant makes no contention or even suggestion concerning his innocence. His argument falls in the pattern which has become so usual in criminal cases in recent times: that there was an irregularity or error in the proceedings. We are under the mandate of our statute;[7] and of well established decisional law [8] that we should not reverse a conviction for mere error or irregularity (neither of which exists here) but would do so only if there were error which had a substantial effect upon the defendant's right to a fair trial in that in the absence of the error there is reasonable likelihood that there would have been a different result.[9]

2. Utah Const. Art. I, Sec. 12; U.S.Const., Amendment V.

3. See Sec. 77–44–5, Utah Code Ann.1953; and cf. 18 U.S.C.A., Sec. 3481.

4. Though no reason need be given, it is sometimes said that a defendant may have reasons other than his fear of exposure of criminal conduct or criminal record for choosing not to testify, such as, e. g., nervousness or timidity, or physical fraility or infirmity, or illness, or other reasons personal to himself. See *Wilson v. United States,* 149 U.S. 60, 13 S.Ct. 765, 37 L.Ed. 650 (1893).

5. Cf. *State v. Brown,* 14 Utah 2d 324, .383 P.2d 930 (1963); *State v. Brown,* 16 Utah 2d 57, 395 P.2d 727 (1964).

6. See *Newell v. Slayton,* 468 F.2d 888 (4th Cir. 1972); *State v. Acosta,* 101 Ariz. 127, 416 P.2d 560 (1966).

7. Sec. 77–42–1, Utah Code Ann.1953.

8. *State v. Johnson,* 25 Utah 2d 160, 478 P.2d 491 (1970).

9. That no reversal is justified where it appears beyond a reasonable doubt that any error was harmless see *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284; *State v. Scandrett,* 24 Utah 2d 202, 468 P.2d 639.

If it be assumed that there is any possibility that the prosecutor's comment complained of was prejudicial to the defendant, this was rectified insofar as that possibly could be done, even on a retrial, by the timely reiteration of the correct principles by the court, reinforced by the arguments of both counsel. We think the defendant has shown no error, and more particularly, none that should be considered as prejudicial and depriving him of a fair trial.

Affirmed. No costs awarded.

HENRIOD, C. J., concurs.

ELLETT, J., concurs except in the statement that the Federal Constitution gives a defendant in a state court the right not to testify.

MAUGHAN, Justice (concurring in the result):

With the result of the main opinion, I agree, but find in the record significantly different reasons for achieving it. I disagree with the main opinion's characterization of the prosecutor's comments. It states them to be pertinent statements or deductions, reasonably to be drawn from the evidence, which made no direct reference to defendant's assertion of his right against self-incrimination.

The prosecutor said:

The defense has presented no evidence as to *why* the defendant was out there. *What* was he doing out there? [Emphasis supplied.]

Defense counsel objected to this remark, and was sustained; moved for a mistrial which was denied.

Within the context of the record the reference to evidence must be to testimony, and the obvious implication is that defendant had proffered no explanation. Who

but defendant could offer an explanation as to his motives or intention for being in a specific location at a certain time? The comments of the prosecutor were a bold attempt to draw an inference from defendant's failure to testify, i. e., he knew the "why" and "what" and he declined to explain.

The exercise of the privilege is not evidence and carries with it no legitimate inference.[1]

The prosecutor used the non-testimony of the defendant to mislead the jury into drawing an inference from the defendant's exercise of his constitutional privilege.[2] Significantly, the court interpreted the argument of the prosecution as "a comment on his failure to take the stand," and cautioned the jury that nothing should be inferred from the State's comment; and that the jury was to follow the instructions given by the court:

I will admonish counsel not to pursue that argument, and I will remind the jury as I did at the outset of this trial, statement of counsel is not evidence.

\* \* \* \* \* \*

I might caution the jury just a little bit more on this. In argument to the jury here—and it's contrary to my instruction—and that's on instruction that defense counsel emphasized on defendant's failure to take the stand, that no inference at all can be drawn from that, and I particularly invite your attention to that, that nothing should be inferred by State's comment on that, and it was a comment on his failure to take the stand, but you follow the court's instruction as I gave them to you.

The argument by the prosecution constituted a denial of defendant's constitutional right to remain silent and was error. This is not a case in which, absent the constitu-

---

1. *State v. Smith*, 74 Wash.2d 744, 446 P.2d 571, 580, 582 (1968).

2. See A.B.A. Standards, The Administration of Criminal Justice, The Prosecution Function, Sec. 5.8(a), p. 98: "The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw."

tionally forbidden comments, honest fair-minded jurors might very well have brought in a not-guilty verdict.

Under these circumstances, but for, the prompt and certain reaction of the trial judge this prosecutorial error would not have been harmless. As it stands it can be deemed harmless beyond a reasonable doubt.[3]

TUCKETT, J., concurs in the opinion of MAUGHAN, J.

3. *Chapman v. Calif.*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).