*343
 
 LAND, Justice.
 

 The indictment charges that the defendant, Oswald Young, “willfully, unlawfully and feloniously and of his malice aforethought did shoot one Gibson Kerstein, with a dangerous weapon, to-wit, a pistol, with the felonious intent the said Gibson Kerstein, to kill and murder.”
 

 The jury returned the following verdict: “We jurors hereby find accused guilty of shooting with intent to kill.”
 

 Defendant filed a motion in arrest of judgment on the following grounds:
 

 “That the verdict of the jury rendered herein is not responsive to the indictment.
 

 “That the verdict of the jury does not set out any crime punishable under the laws of Louisiana.”
 

 This motion was overruled by the triál judge, and a bill was reserved by defendant.
 

 Defendant also filed a motion for a new trial on the ground that the verdict was “contrary to the law and evidence and the facts and circumstances show clearly that the defendant, Oswald Young, did not shoot Gibson Kerstein, with a dangerous weapon with intent to .kill.”
 

 The motion for a. new trial was overruled by the trial judge.
 

 Defendant was then sentenced to serve a term of not less than twelve months nor more than thirty-six months in the state penitentiary.
 

 From the conviction and sentence, defendant has appealed.
 

 (1) The motion for new trial, based on the ground that the verdict is contrary to the evidence, presents nothing for this court to review, as the Supreme Court has no jurisdiction over the facts affecting the guilt or innocence of the accused.
 

 (2) Defendant contends that the verdict returned in this case is fatally defective for the reason that it does not state that “the shooting” was done “with a dangerous weapon.” Defendant argues that, since this court has held substantially defective verdicts returned under indictments charging “cutting with intent to kill,” and “striking with intent to kill,” under Act No. 44 of 1890, amending section 791 of the Revised Statutes, the crime of “shooting with intent to kill” should be construed likewise.
 

 Act No. 44 of 1890, § 1, provides: “That whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill shall be deemed guilty of -a crime, and on conviction thereof shall suffer imprisonment with or without hard labor for not more than three years,”
 

 As the motion for new trial was overruled, and defendant was sentenced to the state penitentiary for not less than twelve months nor more than thirty-six months, it cannot be presumed that the weapon he used was a mere popgun or similar innocent plaything.
 

 It has already been held three times by this court that, in an indictment for shooting “with. intent to kill,” it need not be charged that the shooting was done with a dangerous weapon, as the very fact of
 
 *345
 
 shooting with intent to kill necessarily implied the use of a dangerous weapon. State v. Humphries, 35 La.Ann. 966; State v. Mosely, 42 La.Ann. 978, 8 So. 471; State v. Broussard, 107 La. 189, 31 So. 637. In the Broussard Case the jurisprudence is reviewed and affirmed.
 

 As it is not necessary to charge in an indictment for shooting with intent to kill that the shooting was done with a dangerous weapon, it follows that a verdict of guilty of “shooting with intent to kill” is legal, valid, and responsive.
 

 The conviction and sentence appealed from are affirmed.
 

 O’NIELL, C. J., concurs in* the decree, hut deems' it sufficient to say that the verdict of the jury must be construed with reference to the crime charged in the indictment or bill of information.