23 So.2d 24

**STATE v. GROS.**

No. 37762.

June 5, 1945.

Rehearing Denied June 29, 1945.

Writ of Certiorari Denied Nov. 13, 1945.
See 66 S.Ct. 170.

C. A. Blanchard, of Donaldsonville, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Aubert L. Talbot, Dist. Atty., of Napoleonville, for plaintiff-appellee.

FOURNET, Justice.

This case is before us for the third time. We first affirmed the defendant's conviction and sentence for shooting Clanton Hebert with intent to kill. 204 La. 705, 16 So.2d 238. Subsequently, on writs issued by us to review the sentence imposed by the trial judge we held that the determinate sentence of 15 months at hard labor (questioned for the first time in a habeas corpus proceeding instituted by the defendant) was illegal and ordered the trial judge to impose an indeterminate sentence in accordance with the law in effect at the time of the commission of the crime. 205 La. 935, 18 So. 2d 507. The case is now before us on an appeal taken from the trial judge's imposition of a sentence of not less than 6 nor more than 18 months at hard labor, the defendant relying for the reversal of this sentence on three bills of exceptions reserved when certain errors were allegedly committed by the trial judge.

The first bill was reserved when the trial judge overruled the defendant's motion to arrest the judgment, it being his contention that the court, having declared the defendant was convicted under Section 764 of the Code of Criminal Procedure, Act No. 43 of 1890, when there is no such section in the code, "the verdict of the jury does not show a compliance as to a responsive verdict under any law of the State."

In his per curiam to this bill the trial judge declared "that the Court did say that the accused was tried by a jury of five and convicted under Section 764 of the Code of Criminal Procedure, but what the Court should have said was that he was tried under Section 764 of the Code and convicted under Section 765."

There is no merit to this bill. Obviously the judge was referring to the articles of Dart's 1932 Edition of the Louisiana Code of Criminal Procedure wherein, in addition to the 583 articles of the Code of Criminal Procedure with the compiler's annotations thereunder, the compiler has incorporated the criminal statutes of the state that were then in force and effect; and, as was pointed out when we remanded the case for proper sentence in the habeas corpus proceedings "When relator committed (December 25, 1941) the crime for which he was found guilty, there was in existence

the applicable statutory provision reading: 'Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill shall be deemed guilty of a crime, and on conviction thereof shall suffer imprisonment with or without hard labor for not more than three years.' Act No. 44 of 1890; Dart's Criminal Statutes, Section 765. Also effective then, and appropriate to the crime involved, was Article 529 of the Code of Criminal Procedure, as amended by Act No. 98 of 1936, which made mandatory the imposing by the district court of an indeterminate sentence, with a minimum and maximum penalty, on the convicted accused."

Bill of Exceptions No. 2 was reserved when the trial judge overruled the defendant's motion in bar of sentence and for his discharge and release that was based on the ground that the clause "that the shooting was with a dangerous weapon" was not incorporated in the verdict of the jury.

The identical issue raised in this bill has been decided adversely to defendant's contention on numerous occasions, our holdings in these instances being to the effect that the verdict "shooting * * * with intent to kill" necessarily implies the use of a dangerous weapon. State v. Humphries, 35 La.Ann. 966; State v. Mosely, 42 La.Ann. 975, 976, 8 So. 470; State v. Broussard, 107 La. 189, 31 So. 637; State v. Plummer, 153 La. 730, 96 So. 548; and State v. Young, 187 La. 342, 174 So. 665.

The third and last bill was reserved when the trial judge overruled the ac-cused's objection to the imposition of an indeterminate sentence the maximum of which was for a period 3 months longer than the 15 months originally imposed under the determinate sentence, it being his contention that such an increase was cruel and unusual, hence violative of the provisions of Section 12 of Article I of the Constitution of Louisiana and the Eighth Amendment to the Constitution of the United States.

This contention is untenable. As was pointed out in our opinion in this matter when it was before us in the habeas corpus proceedings, the sentence originally imposed was illegal. It was consequently set aside and the trial judge was ordered to sentence the accused according to the law applicable at the time the offense was committed. This law provided for the imposition of a sentence, upon conviction of the offense with which the accused was charged, of an indeterminate sentence with a minimum and maximum penalty. In conformity with this mandate, the trial judge sentenced the accused to serve not less than 6 nor more than 18 months at hard labor, this maximum penalty being well within the limits of the statute under which he was convicted, Act 44 of 1890, Section 765 of Dart's Louisiana Code of Criminal Procedure, 1932 Edition. This sentence, therefore, is neither cruel nor unusual and cannot for that reason be said to be violative of the provisions of the Constitution of this state or the United States.

The authorities relied on by counsel for the accused to support this bill, State v.

Fradella, 162 La. 1067, 111 So. 423; State v. Elmore, 179 La. 1057, 155 So. 896, are neither pertinent nor apposite from a legal or factual standpoint. They are only authority for the proposition that where a person has been convicted of a lesser crime than the one with which he was charged the presumption is that the jury found him not guilty of the greater crime, and upon a new trial being granted he can only be tried for this lesser crime or offense.

■ Counsel has interposed in his argument both orally and in brief the issue disposed of by this court under Bill of Exceptions No. 4½ when the case was here originally, that is, that the cause of the accused was prejudiced when the district attorney, who had been present in the court room during the entire trial, was permitted to testify in rebuttal for the purpose of impeaching the testimony of one of the witnesses, although the accused had requested the sequestration of all of the witnesses. This court's ruling in this respect has necessarily become final and is not now subject to review. However, counsel contends that since our original opinion in this case was rendered we, in the case of State v. Carter, 206 La. 181, 19 So.2d 41, adopted a rule that in effect overrules our previous disposition of Bill of Exceptions No. 4½ and that, in the interest of justice, we should correct and set aside this previous erroneous ruling.

■ Counsel is in error in his contention that the holding in the Carter case is at variance with our holding in our original opinion in the instant case. In our recent decision in the case of State v. Barton, 1945, La.Sup., 22 So.2d 183, we pointed out that we neither intended to nor did in fact overrule the established jurisprudence of this state with respect to the sequestration of witnesses when we ruled in the Carter case that the trial judge had abused the discretion vested in him under Article 371 of the Code of Criminal Procedure by permitting certain witnesses who had remained in the courtroom, despite the motion of the accused that they be excluded therefrom, to testify over the defendant's objection since that ruling was predicated upon the particular facts of the case. Since we found as a matter of fact when this case was before us originally that the trial judge had not abused his discretion in permitting the district attorney to testify, it is obvious that our holding in the Carter case can have no application.

For the reasons assigned the judgment of the lower court sentencing the defendant to serve not less than 6 nor more than 18 months at hard labor in the state penitentiary is affirmed.