[Crim No. 4878.   Second Dist., Div. Two.   Oct. 31, 1952.]

THE PEOPLE, Respondent, v. CHARLES D. MICKALIAN, Appellant.

J. Thomas Russell for Appellant.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

FOX, J.—Defendant was convicted by a jury of having sold to Deputy Sheriff Grimes 15 marijuana cigarettes in violation of section 11500 of the Health and Safety Code. He appeals from the ensuing judgment and the order denying his motion for a new trial.

Defendant bases his appeal upon the alleged misconduct of the prosecuting attorney. The particular incident occurred during the cross-examination of defendant on surrebuttal. Defendant had testified that Grimes had frequently importuned him over a period of time to get some marijuana for him. ▮ Defendant further testified that was the only subject the officer ever discussed with him. The deputy district attorney then propounded this question: ''Now, isn't it a fact that most of your conversation with this officer had to do with the murder of Davidian?'' Defense counsel objected to the question on the ground that it was irrelevant and immaterial and improper cross-examination, cited it as misconduct on the part of the prosecutor, and asked the court to instruct the jury to disregard the question. The court sustained the objection and admonished the jury to disregard the question and ''to treat it as though you had not heard it.''

It appears from defendant's brief that shortly before this conversation between the officer and defendant a person by the name of Davidian, who was expected to be a witness in a criminal case in the federal court, was killed in Fresno and that considerable publicity followed in the Los Angeles press. It is said that the jurors could easily deduce that Davidian and defendant were both of the same race, namely, Armenians, and that the question was asked to appeal to the passion and prejudice of the jury. The prosecutor justified the question on the theory of impeachment: viz., that the officer and defendant had discussed matters other than the procurement of marijuana, which defendant had testified was the only thing the officer ever discussed with him. There is nothing to suggest that the question was not asked in good faith. While the objection was properly sustained, it is difficult to see how the

question could have had the prejudicial effect defendant claims. There is nothing in the question in any way implicating defendant in the commission of that crime or even remotely connecting him with it. No mention was made by the prosecutor that either the defendant or Davidian were Armenians. There was no suggestion that the two had ever had any business or social contact or even knew one another. It was simply an inquiry as to a subject matter of their conversation.

█ There is no fixed rule by which alleged misconduct can be measured for the purpose of determining whether it prevented a defendant from having that fair and impartial trial which the law demands for every person charged with a crime. It depends largely upon the facts of each case. (*People* v. *Braun,* 14 Cal.2d 1, 7 [92 P.2d 402] ; *People* v. *Kirkes,* 39 Cal.2d 719 [249 P.2d 1].) Here we have a single question—not a persistent course of conduct; the objection to the question was promptly sustained; and the jury was properly instructed to disregard the question, which instruction it is presumed to have heeded. (*People* v. *Kristy,* 111 Cal.App.2d 695, 714, 729, 748 [245 P.2d 547].) █ The trial court had an opportunity to consider the likely effect of this question upon the jury and the likelihood of prejudice resulting to the defendant when ruling on the motion for a new trial. In denying that motion the trial court commented, ''I think the defendant in this case had a fair and adequate trial.'' This decision is determinative on appeal in the absence of a clear abuse of discretion. (*People* v. *Kross,* 112 Cal.App.2d 602, 611 [247 P.2d 44].) We find no such abuse.

Defendant attempts to accentuate the importance of his charge of misconduct by attacking Officer Grimes in an effort to show he was biased and prejudiced against defendant and that his testimony was unworth of belief. █ It was initially for the jury and later for the trial judge, in passing on the motion for a new trial, to determine the credibility of the witnesses and the weight that should be given their testimony. They obviously believed Grimes' story of his purchase of the marijuana cigarettes from defendant. Their finding on that question is binding on appeal.

█ In an attempt to discredit the People's case, mention is made that defendant was not arrested when the purchase was made and while he had the marked money in his possession. He was not actually arrested for some days after the sale. The explanation offered for this delay in making the arrest

was that the officers were hoping in the meantime to locate the source of defendant's narcotic supply. The jury could well accept such explanation as entirely reasonable and true.

Defendant argues, in effect, that the evidence respecting his guilt is close, and therefore the alleged misconduct of the district attorney takes on added significance. His premise is not well founded. There was direct testimony of the sale of the marijuana cigarettes by the defendant to Officer Grimes. Deputy Sheriff Vega viewed part of the transaction from a distance. He testified he saw Officer Grimes hand something to the defendant after which Grimes followed defendant into the building where the cigarettes were located. Officers Grimes and Vega, along with their superior, Sergeant Heinz, met at a previously arranged place immediately after the transaction, at which time Grimes handed over the marijuana cigarettes he had purchased from the defendant. After he was taken into custody Deputy Sheriff Vega testified defendant admitted, on two separate occasions, that he had sold the marijuana cigarettes to Grimes. Two other deputies, McKinney and May, testified that when they accompanied Grimes during the preliminary investigation of defendant they had overheard conversations in which defendant indicated his willingness to get marijuana for Grimes. Although the defendant denied the testimony of the officers, it cannot be said that the evidence in this case is so closely balanced and the guilt of the defendant not so clearly established that the asking of the single objectionable question likely turned the scales against him.

The judgment and order are affirmed.

Moore, P. J., and McComb, J., concurred.