388 P.2d 801

STATE of Utah, Plaintiff and Respondent,

v.

Larry MYERS, Defendant and Appellant.

No. 9955.

Supreme Court of Utah.

Jan. 29, 1964.

Dale E. Stratford, Ogden, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Deputy Atty. Gen., Salt Lake City, for respondent

CROCKETT, Justice:

Defendant, Larry Myers, appeals from a conviction of issuing a check against insufficient funds in violation of Section 76–20–11, U.C.A.1953 (supp.). His primary contention is that the conviction should be reversed because the evidence was insufficient to sustain the conviction as a matter of law.

■ The facts are reviewed as the jury could have found them from the evidence taken in the light most favorable to the verdict.[1] On the morning of November 21, 1962, the defendant entered the Browning Chevrolet Motor Company in Ogden to see about buying a new car. He decided upon a car; and left to arrange about financing it. Later in the day he returned and as a down payment on the car gave his check drawn on the First National Bank of Morgan, Utah, for $765.29, one-third of its price, and took the car. Although defendant had at one time had an account with that bank, it had been closed about five months previously and the check was dishonored by the bank because the defendant had no account.

■ The defendant contended that he had negotiated with the above named bank concerning the financing of the car; and also that the Browning Motor Company had consented to hold the check for a few days.[2] There was evidence that the bank cashier, in response to defendant's questions, had expressly told him that he had no account; that he could not write a check; and that if he did so, it would be dishonored. The Browning Company's sales manager, who handled the transaction, disputed defend-ant's assertion that the check would be held for a few days. It was the function of the jury to determine these disputed issues of fact which were presented to them upon proper instructions. They did so adversely to the defendant by finding him guilty.

■ Defendant also assigns error in the refusal of the trial court to grant his motion for a mistrial because of certain alleged improper questions asked by the district attorney of Mr. Earl Pierson, the Browning Company's sales manager: "Tell us what you did when the check bounced?", and " * * * Would you have sold this car if you had known that this was a bum check?" We are not concerned with any attempt to defend the questions, but only with whether asking them might have been so prejudicial as to prevent the defendant from having a fair trial. Even though it is true that the district attorney appeared to be assuming one of the facts essential to the conviction, that the check was worthless, it was not disputed and the defendant admitted that the bank refused payment of the check. Due to this fact, and the fact that objections to the questions were sustained, we perceive nothing in the situation to persuade us that any such prejudice resulted.[3]

1. State v. Ward, 10 Utah 2d 34, 347 P.2d 865.
2. As to deferred payment of check as defense, see State v. Trogstad, 98 Utah 565, 100 P.2d 564, and State v. Bruce, 1 Utah 2d 136, 262 P.2d 960.
3. That there should be no reversal of a judgment for mere error, but only if substantial and prejudicial, see Sec. 77–42–1, U.S.C.1953; and State v. Estes, 52 Utah 572, 176 P. 271.

The defendant also complains that the trial court failed to instruct the jury to disregard these questions. He made no such request. There is nothing sufficiently compelling about any impropriety here to warrant departure from the general rule that unless a party requests an instruction on a special matter he cannot predicate error upon the court's failure to instruct upon it.[4]

Affirmed.

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.

---

4. See, e. g., State v. Rowley, 15 Utah2d 4, 386 P.2d 126.