475 P.2d 485

**STATE of Arizona, Appellee,**

v.

**Martin Luna GONZALES, Appellant.**

**No. 2018.**

Supreme Court of Arizona,
In Banc.

Oct. 15, 1970.

Gary K. Nelson Atty. Gen., Phoenix, Robert R. Bean, Pinal County Atty., Patricia Moring, Deputy County Atty., Florence, for appellee.

Leonard N. Sowers, Kearny, for appellant.

LOCKWOOD, Chief Justice:

This is the second time this case is before us. In State v. Gonzales, 105 Ariz. 434, 466 P.2d 388 (1970), we affirmed the jury conviction of manslaughter, but directed that the defendant be resentenced on the lesser charge of involuntary manslaughter. The defendant's first sentence was for a term of not less than five nor more than six years. On remand, the trial court again sentenced the defendant for a term of not less than five nor more than six years. The defendant appeals on the ground that his sentence is excessive.

The general rule is that if a sentence is within the statutory limits of the offense, that the sentence will be upheld unless the sentence under the circumstances is so clearly excessive as to be an abuse of discretion. State v. McDonald, 106 Ariz. 130, 471 P.2d 1022 (June 29, 1970).

The sentence was within the statutory limits for involuntary manslaughter. We directed resentencing because the jury verdict did not specify as to degree of manslaughter. Where there is a doubt as to degree, the defendant is entitled to have that reasonable doubt resolved in his favor. The punishment for voluntary manslaughter when armed with a gun or deadly weapon fixes a minimum sentence of five years imprisonment for a first offense, ten years for a second, and twenty years for a third or subsequent offense, while the punishment for involuntary manslaughter fixes the penalty at not to exceed ten years.

(A.R.S. § 13–457, subsecs. A and B) We stated:

"If, in fact, the jury found defendant guilty of involuntary manslaughter, then defendant is not subject to the five year mandatory minimum sentence required in the voluntary manslaughter situation where a gun has been used. But it is unclear whether the trial court, in pronouncing sentence, was considering the mandatory five year minimum when it sentenced defendant to a term of five to six years. *It may well be that the court would have entered the same sentence regardless of the degree of manslaughter found.* The fact is absolutely clear, however, that the court did not base its sentence on the specific degree of manslaughter because the verdict as returned did not provide the court with such information." 105 Ariz. at 436, 466 P.2d at 390. (Emphasis added.)

 On remand, the trial court stated that he was aware of all the circumstances of the case, and did not feel the five to six year sentence to be excessive.[1] The statements of the trial court show that he was aware that he could sentence for the lesser crime, and that the sentence received was allowable for the lesser crime. Our remand was only to insure that the trial court was aware of the specific degree of manslaughter under which the sentence was to be imposed.[2] The trial court is more closely acquainted with the circumstances of the case. He has the benefit of personal observation while we have only the cold record. We do not feel that the second sentence shows an abuse of discretion. It was clearly within the statutory limits.

Affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.

---

[1] " * * * I might state for the record I was fully aware of the circumstances of the crime at the time of the original sentencing. I am not going to punish you for having filed an appeal, Mr. Gonzales. On the other hand I do not feel I should change my decision. That was my decision at the time being in full command of all the facts of the case and being aware at that time I could either sentence you for voluntary or involuntary manslaughter. I feel that the circumstances of this crime require in my opinion this sentence which I do not think is excessive * * *." The comment complained of—"I am not going to punish you for having filed an appeal."—taken in context was probably meant to reassure the defendant.

[2] For a similar situation see State v. Gros, 208 La. 135, 23 So.2d 24 (1945), cert. denied 326 U.S. 766, 66 S.Ct. 170, 90 L.Ed. 462. The trial court on remand sentenced the defendant to a slightly longer sentence, where on appeal the first sentence was held to be illegal. The Louisiana court upheld the second sentence as being within the mandate of the court.