502 P.2d 113

**STATE of Utah, Plaintiff and Respondent,**

v.

**Kenneth TRUSTY, Defendant and Appellant.**

**No. 12469.**

Supreme Court of Utah.

Oct. 18, 1972.

Ellett, J., concurred and filed an opinion.

D. Gilbert Athay, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young and William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Kenneth Trusty appeals from a jury conviction of second-degree murder for the shooting death of Craig Crandall early in the morning of April 12, 1970, at the latter's South Salt Lake City home. By beating and abusing his wife, defendant had forced from her an admission of illicit relations with the deceased. He then got a pistol, took her to confront the deceased, by threats forced from him a similar confession, and then shot him in the head.

The error upon which he seeks reversal of his conviction is that a comment by the district attorney about the prospect of defendant's wife testifying deprived the latter of the advantage of claiming privilege against her doing so.[1]

Defendant's counsel had stated (in the absence of the jury) that he claimed the husband-wife privilege. The matter he complains of is this cross-examination:

Q. (By Mr. Banks) You said everything that you said is the truth, is that right?

A. Right.

Q. And I assume then, your wife will testify to the same thing, is that right?

A. I hope she testifies to the truth, that she doped me and she was having an affair with him.

Q. So I take it then . . .

Mr. Athay: Your Honor, I think we should approach the bench.

The Court: You may do so. [R. 349-450]

The jury was then excused from the courtroom. Defense counsel made a motion for a mistrial. The court denied the motion, and after the return of the jury, stated to them:

Ladies and gentlemen of the jury, any question in regard to whether or not Mrs. Trusty will testify are to be totally disregarded by you. It is completely irrelevant in this case, and you're not to consider that point at all.

In contending that this occurrence effectively destroyed his right to claim privilege against his wife testifying, the defendant places reliance on the case of State v. Brown.[2] That was a rape case. The defense was alibi: that defendant was home with his wife. The wife did not testify.

1. Utah Const., Art. I, Sec. 12; Secs. 77-44-4, and 78-24-8(1); U.C.A.1953.

2. 14 Utah 2d 324, 383 P.2d 930.

In his argument to the jury the district attorney pointed out that the wife was the one person who could have corroborated the alibi. Under those circumstances we held that the comment had the effect of destroying or impairing the privilege, and reversed and remanded for a new trial.

In considering the principle stated in the Brown case and its applicability to the instant situation, we concede the correctness of these propositions: that any comment by the prosecutor which in a substantial way will impair or disparage a claim of privilege is improper and therefore is error; and that if it be such that there is a possibility that it prejudiced the defendant, in the sense that there is any likelihood that there may have been a different result, then the error should be deemed prejudicial and another trial granted. But the converse is also true: unless both of those propositions are affirmatively shown, there should be no such reversal.[3]

Because of his advantaged position in proximity to the trial, and his responsibility of seeing that the proceedings are carried on in the way which will best serve their purpose of seeking the truth and doing justice by seeing that both sides are given a fair trial, the determination of the propositions just stated is primarily within the discretion of the trial court. And the reviewing court should not reverse unless it appears that he clearly abused his discretion.[4]

In regard to the particular situation here these comments are pertinent. First, there was no objection upon which the court could act until after the defendant had answered the question. The second, if there had been any implication adverse to the defendant, the trial judge gave an appropriate cautionary instruction which it should be assumed that conscientious jurors would follow.

It is appreciated that in certain exigent circumstances the two foregoing observations might be set aside in order to rule more fundamentally upon the merits.[5] Nevertheless, we have mentioned them in

---

3. The cases are many and varied both as to particular fact situations and the determinations as to prejudice. See our statement in State v. Brown, footnote 2 above; and see cases collated 32 A.L.R. 3d 906 et seq. Some of the cases have placed importance on whether the questioned comment or testimony was injected wilfully or designedly as compared to happenstance. We think this is not the critical consideration, because the purpose of a reversal is not to punish the prosecutor nor the trial court. The test should be whether it was actually prejudicial to the rights of the defendant.

4. See State v. Gonzales, 105 Ariz. 434, 466 P.2d 388; appeal on remand 106 Ariz. 303, 475 P.2d 485; People v. Mickalian, 114 C.A.2d 11, 249 P.2d 358; and Burton v. Zions Co-op., 122 Utah 360, 249 P.2d 514.

5. That error which involves such violation of fundamental rights as to distort processes of justice will be reviewed even in the absence of objection, see State v.

this case because they have a bearing upon and should be considered in connection with what we regard as the more important and controlling consideration: whether in surveying the total circumstances it appears that there is any reasonable likelihood of any substantial prejudice to the defendant under the rules hereinabove stated.

When the district attorney asked the question under consideration here: "I assume then, your wife will testify to the same thing . . . ?" before any objection was made, the defendant stated what the trial court, and this court, should be able to assume expressed what he intended the court and jury to believe was his view of the matter when he voiced the " . . . hope [that] she testifies to the truth . . . " etc. He still had the choice of calling her as a witness, or of not calling her, and of having an appropriate instruction thereon if he so desired. It seems to us that it would be mere conjecture to presume that a jury would necessarily draw an inference adverse to the defendant from the occurrence. Also having an important bearing on this problem is the fact that the cautionary instruction given by the trial

court protected the defendant's right to prevent his wife from testifying just as effectively as that could be done in the event of a new trial.[6]

We have nothing to say in approval of the district attorney's reference to the possible testimony of defendant's wife, even though the defendant's testimony did involve accusations concerning her conduct with the deceased. Nevertheless, in considering the total picture of the fairness of the trial, and any possible effect the question and the answer may have had upon the outcome, we are not persuaded that there is anything shown which would justify a conclusion that there was any such prejudice to the defendant as to warrant a reversal of his conviction and the granting of a new trial.

Affirmed.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

ELLETT, Justice (concurring):

I concur—with one reservation. I am not prepared to concede the correctness of the decision in State v. Brown.[1] The decision in that case did not deal with any

Cobo, 90 Utah 89, 60 P.2d 952, also State v. Leggroan, 25 Utah 2d 32, 475 P.2d 57; State v. Scott, 22 Utah 2d 27, 447 P.2d 908; and see also Rule 51 U.R. C.P.

6. A case wherein it was ruled that under particular facts a cautionary instruction

overcame possible prejudicial effect of prosecutor's comments on wife's failure to testify is People v. Klor, 32 Cal.2d 658, 197 P.2d 705, cert. denied 336 U.S. 920, 69 S.Ct. 642, 93 L.Ed. 1082.

1. 14 Utah 2d 324, 383 P.2d 930 (1963).

impaired rights of the defendant, and I am unable to see why he should have been given a new trial simply because of a privilege which his wife had not to testify against him. She was not on trial, and the statement made by the District Attorney to the jury in no way tended to abridge her privilege not to testify. The determination to call or not to call his wife in that case had been made by the defendant before the District Attorney mentioned a fact which had to be in the minds of all the jurors, to wit: If the defendant was home with his wife, why did he not call her?

I have never been able to see how there was any prejudice in that case by reason of the statement made by the prosecuting attorney.