STATE of Utah, Plaintiff and Respondent,

v.

Craig Thomas EVANS, Defendant and Appellant.

No. 18482.

Supreme Court of Utah.

July 22, 1983.

---

Kent O. Willis, Provo, for defendant and appellant.

David L. Wilkinson, J. Stephen Mikita, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant Craig Thomas Evans appeals from the conviction of the crime of aggravated assault, a third degree felony, proscribed by U.C.A., 1953, § 76–5–103. He requests that the verdict be reversed and the case remanded because the trial court failed to instruct the jury on a lesser included offense.

On December 22, 1981 an American Fork police officer was dispatched to a residence pursuant to a telephone call that there was a man with a gun in the yard. Enroute the officer received another dispatch describing the route of the man who had then entered a car. He intercepted and followed the car which returned to the residence. From a half block away the officer saw the defendant exit the car carrying a rifle and enter the garage entrance to the house. Getting out of his patrol car, the officer observed a woman with a baby running from the house into the garage screaming "Better get some help. He's going to kill somebody." While the officer was trying to ascertain what was going on and how to get the woman and the baby out of the garage, he heard footsteps. Then the defendant "burst" into the garage, pointed the rifle at the officer and screamed very loudly that he was going to kill someone. Pointing his revolver at the defendant, the officer yelled for the woman to get behind something and for the defendant to drop the rifle or be shot. The defendant, still pointing the rifle, turned toward the woman, then turned back toward the officer who again yelled at him to drop it. The defendant backed out of the garage into the house, pointing the rifle at the officer. Four hours later the defendant threw his rifle out of the house and was arrested.

In behalf of the defendant, the defendant's mother and brother testified that they came out of the house when the officer arrived and that the officer addressed the brother as if he were the man with the gun but was told that the defendant was inside the house. They further testified that the defendant did not come out of the house while they were present. However, they also acknowledged that they went to a neighbor's house to stay during the rest of the incident.

The defendant testified that he had the rifle in his hands but was using it as a club. He explained that it could have been pointed at the officer when he opened the door to the garage with it. He denied saying anything to the officer. He also claimed he did not point the rifle at the officer but remembered the officer pointing a revolver at him.

Defendant contends that evidence was sufficient to support a jury instruction on the lesser included offense of exhibiting a dangerous weapon in an angry and threatening manner, § 76–10–506. However, at trial counsel for defendant failed to timely file his request for an instruction on this offense. At the close of the evidence at 11:15 a.m. on the day of trial, the court recessed until 2:00 p.m. and announced that during the recess he would be preparing the instructions so that the jury could be instructed upon reconvening. Three hours later, when the court reconvened and was about to read the instructions to the jury, counsel for the defendant proffered some written requested instructions. The court refused to accept them. Counsel had not advised the court of the necessity for an extension of time to prepare them; nor, we conclude from the record, had he earlier notified the court that he even intended to submit them. Therefore, having failed to timely request an instruction on exhibiting a dangerous weapon, the defendant is not now in any position to complain of the court's failure to give it. See *State v. Gandee,* Utah, 587 P.2d 1064 (1978) where we refused to consider the failure of the trial court to give an included offense instruction because it was not raised nor in any manner presented to the lower court; *State v. McCarthy,* 25 Utah 2d 425, 483 P.2d 890 (1971) where failure to request an instruction on petty larceny in prosecution for grand larceny foreclosed defendant's com-

plaint of error raised on appeal; *State v. Blea,* 20 Utah 2d 133, 434 P.2d 446, 25 A.L.R.3d 1113 (1967) where in a prosecution for obtaining narcotics by a false name the failure to request instructions or take exception to the court's failure to instruct precluded complaint of error on appeal.

 Although the present case differs from cases just cited in that here counsel attempted to offer requested instructions rather than offering none at all, counsel's belated attempt nonetheless does not preserve his point for consideration on appeal. Generally, for a party to be in a position to complain of the trial court's failure to give an instruction, he must first propose the instruction and then take exception to the court's refusal to give it. *State v. Pierren,* Utah, 583 P.2d 69 (1978). Here, counsel's failure to notify the court that he wished to submit requested instructions knowing that the court would be preparing them during the recess, carries with it the same consequence of failing to submit them at all. Trial courts must be accorded reasonable latitude to move trials along and we find no abuse of discretion here in refusing to accept defendant's requests under these facts.

We recognize that, had the instructions which were given been erroneous to such an extent that they prevented a fair determination of the issues or resulted in a miscarriage of justice, we are at liberty to notice the error irrespective of counsel's failure to preserve it. *State v. Day,* Utah, 572 P.2d 703 (1977); *State v. Scott,* 22 Utah 2d 27, 447 P.2d 908 (1968); *State v. Myers,* 15 Utah 2d 130, 388 P.2d 801 (1964); *State v. Dubois,* 98 Utah 234, 98 P.2d 354 (1940). However, the noting of such errors is done rarely and with caution. *State v. Smith,* 16 Utah 2d 374, 401 P.2d 445 (1965); *State v. Tuttle,* 16 Utah 2d 288, 399 P.2d 580 (1965).

In this case, no miscarriage of justice occurred which requires this Court's intervention to notice an unpreserved error. The instructions which were given at trial were fair and proper. There was substantial evidence to support the jury's verdict finding the defendant guilty of the offense with which he was charged.

The judgment and sentence are affirmed.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

STEWART, J., dissents.