**WEST VALLEY CITY, Plaintiff and Respondent,**

v.

**Kenneth H. RISLOW, Defendant and Appellant.**

No. 860218–CA.

Utah Court of Appeals.

April 15, 1987.

Oregon procedure calling for a "trial de novo on the record" and creating a strange standard re-

Ronald J. Yengich, Earl Xaiz, Yengich, Rich, Xaiz & Metos, Salt Lake City, for Kenneth Rislow.

R. Spencer Robinson, Asst. City Atty., West Valley City, for West Valley City.

Before DAVIDSON, GREENWOOD and JACKSON, JJ.

Opinion

DAVIDSON, Judge:

Defendant was convicted of the crime of lewdness, a Class B Misdemeanor, in the Fifth Circuit Court. The conviction was affirmed in the Third District Court. Defendant now raises a constitutional issue claiming he was denied effective assistance of counsel. We affirm.

On May 4, 1985, Rislow entered a ZCMI store in West Valley City. An employee observed Rislow and noted that his "private parts were showing for all the world to see" from beneath the jogging shorts he was wearing. Three other ZCMI employees saw that defendant's genitalia were exposed and one of them contacted a West Valley City policeman who confronted Rislow. The information for lewdness was signed on May 17, 1985, and the jury trial was held on December 19, 1985.

In the rebuttal stage of closing argument, the prosecutor made the following statement:

> Counsel finally says he's [defendant] guilty of being a slop, not lewdness. I'm sorry. It's more than that. It's much more than that. Do you want people walking into the stores where you shop, dressed in that fashion, dangling their genitalia and you're going to find them not guilty? See, that presumption of innocence just went out the window. It's now time for you to decide, to decide this case. If you want those people walking around in your stores where you shop, then you're going to find him not guilty. If you want to put a stop to it, you're going to find him guilty. You raised your hand, an obligation, you swore that you would well and truly try this case.

quiring no deference except on issues of credibility).

I'm asking you now to do what you agreed to do.

Defendant contends these remarks are improper and inflammatory. Rislow's appeal claims that the failure of his counsel to object when the remarks were made amounts to the denial of his right to effective assistance of counsel.

We must first determine whether the prosecutor's remarks were improper. The appropriate, two-part test is stated in *State v. Valdez*, 513 P.2d 422, 426 (Utah 1973). [1] did the remarks call to the attention of the jurors matters which they would not be justified in considering in determining their verdict, and [2] were they, under the circumstances of the particular case, probably influenced by those remarks.

▪ By the prosecutor's remarks, the jurors were encouraged to consider whether or not they personally wanted to observe individuals "dangling their genitalia" while they shopped. If the jurors would not relish this experience then they were to find Rislow guilty. This suggestion goes beyond the evidence and should not be considered by the jury. The remarks must be labeled as being improper.

▪ The second part of the *Valdez* test requires us to determine if the jury was influenced by the remarks. In *State v. Andreason*, 718 P.2d 400, 403 (Utah 1986), quoting *State v. Troy*, 688 P.2d 483, 486 (Utah 1984), the Utah Supreme Court wrote that conflicting or circumstantial evidence in the record would render jurors more susceptible to influence by improper argument. But if proof of a defendant's guilt is strong, the challenged conduct or remarks by the prosecutor will not be presumed prejudicial. *Troy* at 486. This is the situation before us. Defendant cannot claim the evidence properly introduced at trial was conflicting as it related to his exposure nor can he claim that it lacked strength. Four witnesses observed Rislow's exposed genitalia, an experience not easily mistaken particularly in the environment of a shopping mall where such an event demands notice and remembrance. We, therefore, hold the prosecutor's improper remarks did not influence the jury to the extent that their verdict would have been other than that rendered.

The Utah Supreme Court in *Codianna v. Morris*, 660 P.2d 1101, 1109 (Utah 1983), established the standard to be applied when the issue of ineffectiveness of counsel is raised. That Court wrote:

(1) The burden of establishing inadequate representation is on the defendant "and proof of such must be a demonstrable reality, and not a speculative matter."

(2) A lawyer's "legitimate exercise of judgment" in the choice of trial strategy or tactics that did not produce the anticipated result does not constitute ineffective assistance of counsel.

(3) It must appear that any deficiency in the performance of counsel was prejudicial. In this context, prejudice means that without counsel's error there was a "reasonable likelihood that there would have been a different result."

▪ Examination of the trial record reveals defense counsel did raise objections prior to the remarks of the prosecutor. Defense counsel may have believed that any objection at this point in the proceedings would only have emphasized the negative aspects of the case to the jury. This could have been a legitimate exercise of judgment.

We have already disposed of the possibility of prejudice resulting from the prosecutor's remarks. The quality and quantity of evidence presented by the prosecutor negates any rational belief that but for defense counsel's failure to object, defendant would have received a more favorable verdict. The trial judge gave his opinion of the effectiveness of both counsel when he thanked them for their courtesy to each other and stated that both had done their jobs "extremely well."

The conviction is affirmed.

GREENWOOD and JACKSON, JJ., concur.