STATE of Utah, Plaintiff and
Respondent,

v.

Raymond ORTIZ, Defendant
and Appellant.

No. 880378–CA.

Court of Appeals of Utah.

Oct. 3, 1989.

Randall T. Gaither, Salt Lake City, for
defendant and appellant.

R. Paul Van Dam and Elizabeth Hol-
brook, Salt Lake City, for plaintiff and
respondent.

Before DAVIDSON, GARFF and
GREENWOOD, JJ.

OPINION

DAVIDSON, Judge:

Defendant appeals from his conviction of
theft by deception, a violation of Utah Code

Ann. § 76–6–405 (1978). Defendant contends that evidence of his prior convictions was improperly admitted, that the prosecutor's comments in closing argument were prejudicial, and that these errors constituted grounds for a new trial. Defendant also contends that the evidence was insufficient to support a conviction. We affirm.

In July 1987, Reginald Corona, owner of "Reggie's Rock'N R" bar located in Murray, Utah, became acquainted with defendant at Eagle Tire, a tire shop located near his bar. Defendant indicated to Corona that he had just purchased Eagle Tire by borrowing money through the Small Business Administration (SBA). Corona told defendant that he was also interested in obtaining an SBA loan for approximately $350,000 to $400,000. Defendant informed Corona that he knew someone who could get an SBA loan for him. Defendant told Corona he would have to "front some money to show that [he] was in good faith," and that he had advanced $10,000 to get his loan. Defendant also told Corona that with the exception of "points," Corona would have his $10,000 returned upon qualifying for the loan. Corona told defendant to speak with his contact about getting the loan.

Sometime later, defendant informed Corona that his contact agreed to arrange for the loan. Defendant agreed to transfer all the necessary documents between Corona and the contact telling him that the contact supervised the SBA loan department at Valley Bank & Trust Co. (Valley Bank).

Defendant later contacted Corona and told him he needed $5,000 to complete the paperwork for the loan. Defendant asked that the $5,000 be delivered to him personally in cash. Corona delivered a cashier's check for $5,000 made payable to defendant. When Corona inquired, defendant assured him that he had received the check and had spoken with the contact.

In August 1987, defendant informed Corona that his contact required another $5,000. This time Corona made the cashier's check payable to Richard L. Gray because that was the name on the Valley Bank business card attached to Corona's loan papers. Defendant returned the check and told Corona that Gray did not want his name involved in the transaction and that Corona should make out a new check payable to defendant. Corona provided the new check to defendant.

Sometime after Corona delivered the second check, defendant told Corona he needed a co-signer for an SBA loan to rent equipment. Corona became suspicious as defendant had previously told him he had already obtained the SBA loan. Corona called Gray at Valley Bank and was informed that there were no records of any loan applications from him.

Corona pursued defendant in an attempt to get his money back but was unsuccessful. Corona did not receive an SBA loan as a result of his transactions with defendant.

At trial, Gray testified that standard procedures for obtaining an SBA loan did not include fee advancements of $5,000 or $10,000 and that he did not receive any fees from either defendant or Corona. Carl W. Warnock, a commercial loan specialist for the SBA, testified that he searched all SBA loan applications for the months of July and August 1987 and found none relating to Corona, "Reggie's Rock'N R," or defendant. He also testified that $10,000 in advance fees is not a prerequisite for an SBA loan.

Defendant was convicted of two counts of theft by deception after a jury trial held on March 31, 1988.

## PRIOR CONVICTIONS

Prior to trial, defendant presented a motion in limine, seeking to exclude evidence of his prior convictions of communications fraud and theft by deception. The trial court took this motion under advisement, but nothing in the record shows that the judge ever ruled on the motion. Defendant argues that the motion was denied and that the trial court erred in admitting the evidence of his prior convictions. However, defendant first offered testimony of his prior convictions on direct examination. Defendant argues that this was an attempt to mitigate the result of the court's ruling.

■ Without a record of a ruling below, we cannot review the trial court's alleged error. "A general rule of appellate review in criminal cases in Utah is that a contemporaneous objection or some form of specific preservation of claims of error must be made a part of the trial court record before an appellate court will review such claim on appeal." *State v. Tillman,* 750 P.2d 546, 551 (Utah 1987). *See also Boston v. State,* 185 Ga.App. 740, 365 S.E.2d 885, 887 (1988); *State v. Cordova,* 100 N.M. 643, 674 P.2d 533, 536 (Ct.App. 1983); and *DeLeon v. State,* 758 S.W.2d 621, 624 (Tex.Ct.App.1988). Where the court has not made a ruling on a motion in limine, and where defendant fails to invoke a ruling on his motion, he has waived the issue for purposes of appeal. *DeLong v. State,* 185 Ga.App. 314, 363 S.E.2d 811, 811–12 (1987), *cert. denied* 185 Ga.App. 909. "As a general rule it is the objecting party's obligation to obtain a ruling on the objection, or such objection is waived on appeal." *Fixico v. State,* 735 P.2d 580, 583 (Okl.Ct.Crim.App.1987). In the case at bar, defendant did not invoke a ruling, nor did defendant object upon introduction of the evidence of prior convictions because he was the one to first introduce this evidence. Without a record of the ruling upon the motion in limine or of timely objections, we are left with nothing to review.

## PROSECUTOR'S CLOSING ARGUMENT

Defendant argues that the prosecutor's comments about defendant's prior convictions made in closing argument constituted grounds for a mistrial. During his closing argument, the prosecutor stated:

> The fact that a witness has been convicted of a felony and/or convicted of a crime involving dishonest [sic] or false statement is to be used by you only in weighing his credibility.
>
> I'm not saying, "Find Mr. Ortiz guilty of theft by deception because he's previously been convicted of theft by deception, and he's previously been convicted of a communications fraud.
>
> Even though the dates of those convictions are less than a year apart in 1985,

1986, and now, he's also charged in 1987 with identical crimes, that is not the purpose of the felony convictions. That is to be used only if you find and believe that such a fact indicates a person is more likely to tell a falsehood. To question his credibility.
>
> I've heard other arguments in other cases where it says, "Well, look, if he gets on the stand and has to admit to those felonies and take the risk of being convicted on that, he must be telling the truth." Well, he obviously didn't change his behavior from 1985 to '86.

At this point, defense counsel objected and the objection was sustained. The prosecutor closed with, "The testimony is not believable, and it is a basis for you to look at the prior felony convictions."

■ The two prongs of the test for determining whether a prosecutor's actions and remarks constitute misconduct and merit reversal are: 1) if the actions or remarks call to the attention of the jurors matters they would not be justified in considering in determining their verdict, and 2) under the circumstances of the particular case, the error is substantial and prejudicial such that there is a reasonable likelihood that in its absence there would have been a more favorable result for the defendant. *State v. Thomas,* 777 P.2d 445, 447 (Utah 1989) (citing *State v. Tillman,* 750 P.2d at 555); *See also West Valley City v. Rislow,* 736 P.2d 637, 638 (Utah Ct.App.1987). In determining whether the prosecutor's remarks to the jury about defendant's prior recent convictions were in error, we note that defense counsel first elicited testimony concerning the prior convictions in direct examination of the defendant:

> Q. Now, you were—do you remember when you were arrested and charged for this situation?
>
> A. Yes, I do.
>
> Q. And about when was that?
>
> A. November.
>
> Q. Of what year?
>
> A. Of 1987.
>
> Q. Now, prior to November of '87, had you been convicted of prior felonies?
>
> A. Yes, I have.

Q. And on or about June 27th of 1987, had you been convicted of a communications fraud felony?

A. Yes, I have.

Q. And August 1st, 1985, had you been convicted of a theft by deception felony?

A. Yes, I have.

Q. Had you ever communicated to Mr. Hansen anything about your criminal record?

A. Yes he knew.

Q. Did he know about that?

A. Yes.

Later, the prosecutor raised the issue of the prior convictions on cross-examination. Defense counsel did not object. In his closing arguments, the prosecutor was not calling the jury's attention to new matters, but was merely discussing matters that had already been before the jury twice. Furthermore, the prosecutor reminded the jury that the evidence of the prior convictions could only be used for credibility purposes.

Finally, the possible prejudice caused by the prosecutor's comments was mitigated by the court's instruction:

> You are instructed that the fact that a witness had been convicted of a felony and/or convicted of any crime involving dishonesty or false statements is to be used by you only in weighing his credibility, and it is to be so used only if you find and believe that such a fact indicates a person is more likely to tell a falsehood.

"[I]f there had been any implication adverse to the defendant, the trial judge gave an appropriate cautionary instruction which it should be assumed that conscientious jurors would follow." *State v. Trusty,* 28 Utah 2d 317, 502 P.2d 113, 115 (1972). Therefore, we find that any prejudicial error that occurred during the closing remarks was harmless.

## INSUFFICIENCY OF THE EVIDENCE

■ In a jury trial in a criminal proceeding, we review the evidence and all inferences which may reasonably be drawn therefrom in the light most favorable to the jury verdict. *State v. Petree,* 659 P.2d 443, 444 (Utah 1983). "We reverse a jury conviction for insufficient evidence only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *Id. See also State v. Lamm,* 606 P.2d 229, 231 (Utah 1980); *State v. Daniels,* 584 P.2d 880, 882–83 (Utah 1978). Defendant contends that the evidence was insufficient to prove intent and to support the jury verdict but he provides no analysis, no citation to the record, and no supporting case law. We have consistently held that if counsel on appeal does not provide citations to the record, we need not reach the merits of his or her substantive claims. *See, e.g., Amica Mut. Ins. Co. v. Schettler,* 768 P.2d 950, 969 (Utah Ct.App. 1989).

We affirm the trial court and hold that defendant's prior convictions were properly admitted and that the prosecutor's closing remarks did not rise to the level of prejudice warranting a new trial.

GARFF and GREENWOOD, JJ., concur.