515 P.2d 612

The STATE of Utah, Plaintiff and Respondent,

v.

Edward E. PASS and Dennis R. Baker, Defendants and Appellants.

No. 13257.

Supreme Court of Utah.

Oct. 30, 1973.

Rita G. James, Ogden, for Pass.

Darwin C. Hansen, of Jones & Hansen, Bountiful, for Baker.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, Asst. Atty. Gen., William T. Evans, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendants Dennis Baker and Edward Pass, convicts, were being taken from the State Prison in Salt Lake County to court in Brigham City, when Baker pulled a pistol on the custodial officers, took over the car, and effected a short-lived escape before being recaptured. Arising out of that incident they were jointly charged and convicted by a jury of the crimes of robbery, false imprisonment, and escape by a convict; and Baker alone was convicted of assault upon a guard with a deadly weapon. They make no attack upon their conviction of the crime of escape. But they do attack each of the other convictions on the grounds that the evidence is insufficient to prove such crime, and alternatively, that errors were committed which require reversal of the judgments and the granting of new trials.

It was on the morning of September 8, 1972, that the defendants, serving terms in the Utah State Prison (Baker for burglary, 1 to 20 years; Pass for second-degree murder, 10 years to life), were being taken from the Utah State Prison to court in Brigham City. (The purpose and detail

thereof is not material here.) Driving the State car was Officer David Shand; also in the front seat was Senior Officer David Meyers. In the rear seat with the defendants was Officer Theodore F. Harris. As they were traveling northward in Davis County approaching Farmington, defendant Baker pulled out a pistol with which he menaced the officers. Senior Officer Meyers ordered the car stopped. He and Officer Shand got out, leaving Harris and the defendants in the back seat. The inside handles of the rear doors had been removed and Harris was unable to get out. Defendants Baker and Pass got into the front seat and Baker drove the car away. Shortly thereafter, Harris was able to lower a window, open the door and jump from the car, sustaining serious injuries.

About a half hour later the defendants were apprehended in the hills east of Farmington. As the officers approached, Baker was ordered to drop his pistol, which was found to be a loaded .22 revolver.

■ As to the conviction of robbery: The defendants argue that at the time Baker drew the gun, they did not intend to take the car; and that it was not until the officers got out, and defendants were thus in possession of the car that they decided to drive it away. From this they argue that according to the only evidence as to their intent, the "taking" of the car was not "accomplished by means of force or fear" required to constitute robbery. The fallacy in that argument is the all too common one of assuming the jury was obliged to accept their version of the occurrence. Whereas, the jury was entitled to consider not only the direct evidence, but also to draw whatever inferences could fairly and reasonably be deduced therefrom. It is so obvious as to hardly justify comment that there is thus provided a reasonable basis in the evidence from which the jury could believe that the defendants had planned an escape which included the taking of the car and making their getaway when Baker pulled out the pistol and menaced the officers. It is apparent that the jury did so believe because the court correctly instructed the jury that before they could find the defendants guilty of robbery, they must find that they took the car from the officers by means of force and fear.[1]

■ The defendants make a similar argument as to the charge of false imprisonment[2] of Officer Harris: That after they decided to take the car, he was simply there in the rear seat when they

---

1. Sec. 76-51-1, U.C.A.1953, defines Robbery as " . . . the felonious taking of personal property in the possession of another from his person, or immediate presence, against his will, accomplished by means of force or fear."

2. Sec. 76-21-2, U.C.A.1953, was then in effect. This same crime is now denoted Unlawful Detention, see Sec. 76-5-304, enacted as part of the new Revised Penal Code, Chap. 195, S.L.U.1973, p. 609.

drove it away; and that they were guilty of neither act nor intent to imprison him. In addition to what has been said above, these observations are pertinent: The essence of false imprisonment is a wilful and wrongful interference with the freedom of movement of another against his will.[3] This is true, whether it is accomplished by actual imprisonment, or by interference or restraint upon his freedom of movement imposed by force or threats. Under the same rule as stated above with respect to the jury's prerogative in viewing the evidence, it is similarly plain that there is a reasonable basis in the evidence and the inferences to be drawn therefrom that the defendants wilfully and wrongfully interfered with the freedom of Officer Harris who was carried away in the car against his will until he was able to escape at great hazard to himself.

■ The argument made with respect to the conviction of Baker of assault on a guard with a deadly weapon[4] is this: He asserts that due to a firing pin defect the pistol would not discharge, and that it therefore was not actually a deadly weapon. On this point also there is a conflict in the evidence and the jury appears to have believed the State's version: the testimony of Officer J. R. Hunt that when the defendants were arrested, he examined the pistol and found it was loaded and in a condition to fire.

■ The final error complained of is the denial of defendants' motion to grant separate trials. It first should be said that motions were tersely stated without giving any reasons or explanation why prejudice would result to the defendants in being tried together. It seems to comport with common sense and with the desired objective of seeking the truth and doing justice that when it appears that persons were jointly involved in the commission of a crime so that the evidence against one is largely applicable to the other, that they should be tried together. This is the policy of our law as declared by the Legislature in Section 77–31–6, U.C.A.1953:

When two or more defendants are jointly charged with any offense, whether felony or misdemeanor, they shall be tried jointly, unless the court in its discretion on the motion of the prosecuting attorney or any defendant orders separate trials.

■■ The applicable rule on this subject is that because of the prerogative thus vested in the trial court, and his advantaged position, considerable latitude should

---

3. See 35 C.J.S. False Imprisonment § 71 p. 784; 32 Am.Jur.2d 74; and also see Smith v. Clark, 37 Utah 116, 106 P. 653, 26 L.R.A., N.S., 953.

4. Sec. 76–7–11, U.C.A.1953.

be given to his discretion; and this court should not upset his ruling unless there appears to be some substantial reason why he abused it in denying the motion.[5] We see nothing to so indicate here.

Affirmed. No costs awarded.

CALLISTER, C. J., and ELLETT, HENRIOD and TUCKETT, JJ., concur.

5. State v. Miller, 111 Utah 255, 177 P.2d 727.