STATE of Utah, Plaintiff and Respondent,

v.

George Oliver DUMAS, Defendant and Appellant.

No. 14176.

Supreme Court of Utah.

Sept. 13, 1976.

James N. Barber, of Meredith, Barber & Day, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from a conviction of the included offense of attempted robbery by the use of a deadly weapon (a firearm).

The facts regarding the occurrence of the robbery are not in much dispute.

Claude Parks, a four-time convicted felon, was released from Leavenworth Penitentiary and boarded a bus headed for the state of Washington via Salt Lake City, Utah. Enroute he made the acquaintance of two young men by the names of Haynes and DeLucia who were in possession of a large quantity of narcotics. Their destination was Reno, Nevada, via Salt Lake City, Utah, and during the journey they gave Mr. Parks some of the narcotics.

The sight of so much contraband drugs aroused a greedy desire on the part of Mr. Parks, and his mind concocted a scheme as to how he might obtain the narcotics for himself. The opportunity to bring the plan to fruition presented itself when a layover of several hours occurred in Salt Lake City. Mr. Parks testified that promptly upon arrival in Salt Lake City, he entered a phone booth and talked with a man named Boone, an ex-convict with whom he had formerly served time in the Utah State Prison.

Shortly thereafter, according to Parks, Boone, Dumas, and several other men, one of whom was named Nielsen, met with him and the plan was perfected. Parks was to lure Haynes and DeLucia to the outside of the bus depot and the others were to rob them.

In the bus depot, Parks demanded drugs in a loud voice, and the three went outside where the two dope owners asserted that the drugs had been sent on ahead. Dumas and the others closed in on Haynes and DeLucia and demanded the drugs. The demand was refused, a sawed-off .22 caliber rifle was pulled from the coat of one of the ruffians, and Haynes and DeLucia began running in opposite directions. There was some conflict in the testimony as to whether or not it was Dumas who produced the gun. It is immaterial as to which of the gangsters drew the gun as any person who commits, "solicits, requests, commands, encourages or intentionally aids another person to engage in conduct which constitutes an offense shall be

criminally liable as a party for such conduct." [1]

DeLucia claims that one of the men identified as "Nielsen" chased him and pushed him down, gagged him and took a large sum of money from his person. [2]

Parks was introduced by Boone to Dumas at the Salt Palace parking lot and placed his coat in Dumas' car. Parks was also acquainted with Nielsen. He was granted immunity from all offenses in connection with the robbery matter and was called as a witness for the State.

When Dumas was arrested, his car was parked at the bus depot and Parks' coat was in it. Most assuredly, Parks was an accomplice and unless his testimony was corroborated by other evidence tending to connect the defendant with the crime, he cannot be convicted. [3] The required corroboration was found in the testimony of Haynes and DeLucia, neither of whom was a party to the crime with which Dumas was charged. Other corroboration was had from the testimony of passengers in the depot. The evidence was amply sufficient to convict the defendant of the crime of attempted robbery.

Mr. Dumas complains because his trial was had jointly with that of Mr. Nielsen. They were charged with the same crime in separate informations. He claims that co-defendant Nielsen would argue that certain parts of witness Parks' testimony was true while he would contend it was false and such a conflict would require separate trials. Our statute states:

> When two or more defendants are jointly charged with any offense, . . . they shall be tried jointly, unless the court in its discretion . . . orders separate trials. [4]

The case of *State of Utah v. Pass* [5] squarely holds that the granting of sepa-

rate trials is discretionary with the trial court. Dumas and Nielsen were charged with the same offense, and the statutes apply to defendants who are jointly charged even though it may be by separate indictments.

The appellant also claims that the trial court committed reversible error in refusing to give to the jury the following requested instruction:

> To warrant you in convicting the defendant the evidence must, to your minds, exclude every reasonably hypothesis other than that of the guilt of the defendant. That is to say, if after an entire consideration and comparison of all the testimony in the case, you can reasonably explain the facts given in evidence on any reasonable ground other than the guilt of the defendant, you must acquit him.

The trial court refused to give the instruction because the evidence in the case was not entirely circumstantial. We think he did not err in his refusal. In this case there was direct, positive evidence that the defendant, Dumas, was a knowing participant in the commission of the robbery. There were no inferred facts to be explained on any hypothesis, reasonable or unreasonable. It was merely a question of credibility to be given to the witnesses.

In the case of *State v. Garcia*, [6] the defendant there urged this court to hold that if the evidence indicates a reasonable hypothesis or explanation of the facts shown by the evidence to be consistent with innocence, then there must be a directed verdict in his favor. This court stated therein:

> It is universally recognized that there is no jury question without substantial evidence indicating defendant's guilt beyond a reasonable doubt. . . . In

---

1. 76-2-202, U.C.A.1953, Vol. 8 (1975 Pocket Supp.).

2. An officer testified that DeLucia first told him that the only thing taken was a locker key.

3. 77-31-18, U.C.A.1953, Vol. 8.

4. 77-31-6, U.C.A.1953, Vol. 8. See also *State v. Gaxiola*, 550 P.2d 1298 (Utah 1976).

5. 30 Utah 2d 197, 515 P.2d 612 (1973).

6. 11 Utah 2d 67, 355 P.2d 57 (1960).

applying this rule, usually with reference to the jury instructions, we have held that where the only proof of material fact or one which is a necessary element of defendant's guilt consists of circumstantial evidence, such circumstances must reasonably preclude every reasonable hypothesis of defendant's innocence.

. . . .

We must keep in mind that this rule is applicable only where the proof of a material issue is based solely on circumstantial evidence.[7]

Other assignments of error are made, but they are without merit and so they need not be discussed herein.

The judgment is affirmed.

HENRIOD, C. J., MAUGHAN and CROCKETT, JJ., and JOHN F. WAHLQUIST, District Judge, concur.

TUCKETT, J., does not participate herein.

---

7. The opinion cites a number of Utah cases holding to the same effect.