STATE of Utah, Plaintiff and
Respondent,

v.

Martin HAYES, Defendant
and Appellant.

No. 14730.

Supreme Court of Utah.

Nov. 1, 1977.

Stephen R. McCaughey, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Salt Lake County Atty., Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Jerry G. Campbell, Deputy County Atty., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

Defendant Martin Hayes appeals from a jury verdict of aggravated kidnapping. We affirm. All statutory references are to U.C.A.1953.

On November 20, 1975, during the course of a party at the home of Martin Hayes, the female victim was forced into a bedroom, beaten and raped by Joe Anselmo. She was then forced by defendant Hayes, inter alios, to remain at Hayes' house until November 24, when she was released by Hayes' wife. During this period she was again beaten and raped by Joe Anselmo, and by Cloyd Mills.

Defendant Hayes and Mills were charged in separate counts (Hayes with aggravated kidnapping and Mills with rape) in the same information. They were tried together and convicted. Defendant Hayes raises four issues on this appeal. Three only need determination.

First, should the verdict be reversed, because the trial court denied defendant's motion to quash the information for improper joinder of parties?

77–21–31(2):

> Two or more defendants may be charged in the same . . . information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

The amended information in which the defendants were charged states, *inter alia*:

> COUNT I: That on or about the 20th day of November, 1975, in Salt Lake County, State of Utah, the said Martin Hayes did intentionally or knowingly detain or restrain (name of the victim) against her will by use of force and threats with the intent to facilitate the commission of a felony or to terrorize the said (name of the victim).

> COUNT II: That on or about the 21st day of November, 1975, in Salt Lake County, State of Utah, the said Cloyd Mills had sexual intercourse with (name of the victim) without her consent.

Defendant first contends there was an improper joinder of the two defendants, in that there were no allegations in the information the two defendants had participated in the same act, or transaction, or series of acts or transactions as required under 77–21–31(2).

It would have been better practice to include such allegations initially in the information. To do otherwise could induce error.

However, the record clearly reflects that in fact, the information was amended prior to trial, as permitted under 77–17–3. Specifically, the information was amended to indicate the acts of defendant, Hayes, in detaining the victim commenced on November 20 and continued to the 24th. Thus, the allegations in the information assert that

both defendants engaged in criminal acts against the victim at the same place, during the same time period.

In *State v. Cochran*[1] the court stated the test for joinder is whether the offenses charged are alleged to have been part of a connected series of acts or transactions. The ruling of the trial court in allowing joinder was sustained on the ground there was a high probability the alleged criminal acts of one defendant were connected with the acts of the other defendant, and the acts of one defendant were committed with the purpose of aiding the other defendant to carry out his criminal acts. The facts in that case are not so strong as they are here, for that holding.

The court further observed the goal of a statute similar to 77–21–31(2) is to promote trial convenience, consistent with minimum prejudice, by permitting a joinder of charges against multiple defendants; whenever the common activity constitutes a substantial portion of the joined charges.

The trial court in our matter, did not err in its ruling concerning joinder.[2]

■ The second issue presented is whether the verdict should be reversed on the ground the trial court failed to grant defendant's motion for severance. Defendant predicated his motion on the alleged prejudicial effect it would have on his cause by being tried jointly with one (Mills) charged with a sexual offense.

77–31–6 of the Utah Code provides:

When two or more defendants are jointly charged with any offense . .

they shall be tried jointly, unless the court *in its discretion* on motion from . . . any defendant orders separate trials. [Emphasis added.]

As we stated in *State v. Gaxiola*,[3]

. . . Since a demand for severance is not a matter of right, it must appear the trial court had before it the facts, which would indicate defendant would be unduly prejudiced before this court can hold there has been an abuse of discretion. The question of abuse of discretion arises, if at all, at the time of the ruling upon the motion for separate trials.

■ As in *Gaxiola*, the defendant here has filed no affidavits to establish his claim. The trial court, from the facts before it, may have properly concluded that the felony which the defendant was to have facilitated was a rape. Evidence of at least one offense of a sexual nature would thus be properly introduced against Hayes. Furthermore, the trial court stated it intended to use care in instructing the jury that evidence of Mill's rape was not to be considered in reaching a verdict on Hayes which it did. In light of these factors, we hold that there was an insufficient evidentiary basis to establish an abuse of discretion by the trial court.[4]

■ Third, should the verdict be reversed because the trial court erred in not declaring a mistrial on the basis of the following erroneous statement in the prosecutor's opening statement:

The State's theory is that Martin Hayes directly aided . . . Joseph Anselmo in the kidnapping and the rape of (name of victim) . . .

---

1. 97 Idaho 71, 539 P.2d 999 (1975).

2. It should be noted that a misjoinder of defendants under 77–31–21 is not a ground for a motion to quash the information. 77–23–3 provides, with regard to 77–21–31:

   A motion to quash the information . . . shall be available *only* on one or more of the following grounds. In the case of:

   \* \* \* \* \* \*

   (g) That there is more than one offense charged except as provided in Section 77–21–31 of this Code. [Emphasis supplied.]

   Prior to its amendment in 1975, 77–21–31 concerned only the joinder of offenses. The failure to amend 77–23–3 currently with 77–21–31 is

likely an oversight on the part of the legislature. 77–23–3 provides the exclusive ground for a motion to quash for misjoinder under 77–31–21 is a misjoinder of offenses. The ground advanced by the defendant is a misjoinder of defendants.

3. Utah, 550 P.2d 1298, 1301 (1976).

4. See *State v. Dumas*, Utah, 554 P.2d 1313 (1976); *State v. Pass*, 30 Utah 2d 197, 515 P.2d 612 (1973); *State v. Lybert*, 30 Utah 2d 180, 515 P.2d 441 (1973); *State v. Rivenburgh*, 11 Utah 2d 95, 355 P.2d 689 (1960); *State v. Burke*, 102 Utah 249, 129 P.2d 560 (1942).

Defense counsel promptly objected that "Mr. Hayes is not charged with rape," whereupon the court admonished the jury to disregard the prosecutor's erroneous remark. The court further instructed the jury, "Mr. Hayes is not charged with aiding and abetting in the rape. . . ."

Not only was the statement corrected in a timely manner, but the jury was told on at least two occasions by the prosecution, as well as by the defense and instructed by the court, that it was defendant Hayes who was charged with aggravated kidnapping and codefendant Mills who was charged with rape. In light of these clarifications, we hold the trial court did not err in denying defendant's motion for mistrial.

■ Citing *Bruton v. United States*,[5] defendant urges he was denied his constitutional right to confront witnesses by admission of the following hearsay statements:

1. The victim testified, "It was Ty [Mills] who said it wasn't up . . . to them [Mills and Hayes], it was up to Joe, it was up to the man." This statement was given in response to the victim's plea that she "wanted out" and that she "[did not] want anything to do with you people."

2. Mel Laughlin testified, "Joe [Anselmo] said . . . don't let anybody in or out." This statement was made to Mills as Anselmo and defendant Hayes were leaving the house at a time that the victim was inside.

3. Mel Laughlin testified, "He [Anselmo] said to J. T. [Hayes] that they had to keep [the victim] at the house until her face got better."

4. Cloyd Mills testified, "Joe [Anselmo] asked me if I could go and find J. T. [Hayes] and tell him that he wanted to talk to him, that Joe wanted to talk to J. T."

The first three statements are not hearsay but are admissible to prove that Hayes knew the victim was not remaining at Hayes' house of her own volition. Rule 63 of the Utah Rules of Evidence states:

Evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated is hearsay evidence and inadmissible . . . . .

The statements were not admissible to prove the truth of the matter stated, but were admissible to prove Hayes had the requisite intent for aggravated kidnapping. The first statement, for example, was inadmissible to prove "it was up to Joe," but was admissible to prove Hayes understood the victim was being detained against her will. The first three statements were not offered to prove truth of the matter stated but were relevant to the defendant's state of mind.

The state, in its brief, urges that in elliciting the fourth statement, it "was not trying to establish . . . that Hayes and Anselmo talked to one another . . Codefendant Mills was merely testifying under oath that such a statement was made to him." We agree with his reasoning and find this statement not to be hearsay. In that the challenged statements were not hearsay, we do not reach the constitutional question.

ELLETT, C. J., and CROCKETT, WILKINS and Hall, JJ., concur.

5. 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).