STATE of Utah, Plaintiff and Respondent,

v.

Ronald L. HALL, Defendant and Appellant.

No. 18271.

Supreme Court of Utah.

Oct. 3, 1983.

---

Connie L. Mower, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Theodore Cannon, Co. Atty., James Housley, Deputy Co. Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The appellant was convicted of four felonies[1] by a jury, and seeks reversal. On appeal, appellant contends that the trial court was without jurisdiction because a defective information was filed. He also alleges denial of a fair trial by the erroneous instruction to the jury as to a particular presumption and by virtue of an alleged misstatement of the law by the prosecution in summation.

The jury's decision was predicated on the following believable evidence. The appellant and a companion unlawfully entered a home, brandishing a shotgun and pistol. For five hours they terrorized the occupants with death threats and by shooting up the place and assaulting some of the victims. The appellant pistol-whipped a male occupant and tied the hands of three other occupants (one of whom was a housewife he previously had raped and forced to indulge in oral sodomy). During the episode they kidnapped one person. The appellant stole money, jewelry and other items, all of which he admitted voluntarily or under proper questioning after he was caught. Two days after committing the crimes, on learning that the police were after him, appellant fled to Canada, but was later apprehended and returned for trial.

■ The information appellant claims as defective was stamped on the back with the county attorney's name and with the printed wording "authorized for presenting and filing." He made no objection at the trial to the validity of the form of the information or on the grounds it was insufficient to confer jurisdiction on the court. He did not object to the information at any other time, or for any reason, within five days of the trial as required under Rule 12(b)(1), Utah Rules of Criminal Procedure.[2] Consequently, he is precluded from raising the issue on appeal.[3] In holding that appellant's point is not well taken, it is unnecessary to discuss our recent case of *State ex rel. Cannon v. Leary*,[4] which involved only the validity of the document itself, not whether the appellant timely adhered to the rules of procedure.

■ The appellant next challenges as error certain jury instructions. The dispositive circumstance necessary to preserve the claimed error for appellate review is a timely objection thereto at the trial. Since appellant failed timely to object, the issue is not presentable to this Court. This is the interdiction of Rule 51, Utah Rules of Civil Procedure, which enjoins that "[n]o party may assign as error the giving or the failure to give an instruction unless he objects thereto." No such objection was made at the trial or otherwise, save for the first time on appeal. The appellant did not make any issue to the effect that the Court could entertain the point irrespective of the Rule, as an exception which "is applied only rarely where there appears to be a substantial likelihood that an injustice has resulted."[5]

■ Appellant also contends that the trial court erred in not granting his motion for mistrial after the prosecutor made an improper statement of the law in his closing

---

1. Burglary, robbery, kidnapping and rape.

2. U.C.A., 1953, § 77–35–12(b)(1).

3. See U.C.A., 1953, § 77–35–12(d).

4. Utah, 646 P.2d 727 (1982).

5. *State v. Kazda*, Utah, 545 P.2d 190 (1976).

argument. The statement involved the implications of appellant's flight after the crimes were committed. In denying appellant's motion, the trial court admonished the jury to disregard the statement. The court had previously instructed the jury on the issue and had emphasized that the instructions, and not the comments of counsel, governed. Under such circumstances, we do not believe the prosecutor's statement unfairly prejudiced appellant.[6]

The verdicts and judgments are affirmed.

---

**6.** *State v. Hayes,* Utah, 572 P.2d 368 (1977). *See also State v. Eaton,* Utah, 569 P.2d 1114 (1977).